## 27388. THOMASON v. CALDWELL.

NICHOLS, Justice. This appeal is from the following opinion and judgment of the trial court in a habeas corpus case:

"The above-stated case, having come on for a hearing on the 11th day of January 1972, as ordered by the court, and after consideration of the petition, hearing testimony and observing documentary evidence, it appears as follows:

*"Findings of Fact.* The court finds as a matter of fact: That on April 18, 1969, petitioner was indicted by a grand jury in Fulton County Superior Court for the offense of murder. That the petitioner's mother retained two attorneys to represent the petitioner. That the attorneys retained to represent the petitioner were well qualified, and had considerable experience in the trial of criminal cases. That petitioner's retained attorneys thoroughly investigated the charges and the evidence against the petitioner. That petitioner's attorneys discussed the case with the petitioner and his mother. That the petitioner was unable to provide any information which would support a substantive defense to the charges against him. That petitioner's attorneys discussed the possibility of entering a guilty plea with both the petitioner and his mother. That the petitioner was advised by his attorneys that he could get death by electrocution or life imprisonment if tried by a jury. That the petitioner was advised that the district attorney might recommend life imprisonment in the event petitioner pleaded guilty. That the petitioner was anxious to plead guilty if the State would

recommend mercy. That the district attorney agreed, upon inquiry by the petitioner's attorneys, to recommend life imprisonment if the petitioner pleaded guilty. That the petitioner's attorneys recommended that petitioner plead guilty if the trial court would accept the district attorney's recommendation of a life sentence. That the petitioner's attorneys advised the petitioner of his right to a trial by jury on several occasions and advised the petitioner that if he desired such a trial they would defend him. That the petitioner's attorneys did not exert any force or coercion on either the petitioner or his mother in order to get him to plead guilty. That after being advised as described above, petitioner indicated he was anxious to plead guilty and never indicated any reluctance to enter such a plea to his attorneys. That one of petitioner's attorneys determined that petitioner had never been adjudicated an incompetent and that there was no reason to doubt petitioner's 'competency' to stand trial or to enter a plea of guilty. That a hearing was conducted before the Honorable Samuel A. Boykin, Judge, Fulton Superior Court, in the case of State v. George Henry Thomason. That during the aforesaid hearing, the petitioner was advised in the presence of his attorneys of the charges against him. That the petitioner indicated that he understood that he was charged with the offense of murder, that he understood the penalties which could be imposed and that he understood that he had the right to trial by jury and that by pleading guilty, he would be waiving that right. That the petitioner indicated that he was entering his plea of guilty freely and voluntarily and that no one had threatened him, coerced him, or offered him any reward in order to get him to plead guilty. That the petitioner indicated he had been through the fifth grade in school and could read and write and understand the English language. That during the course of petitioner's guilty plea hearing, the court specifically inquired of the petitioner whether the plea which was being entered was volun-

tary. That the petitioner entered a plea of guilty to the offense of murder. That the petitioner's signature along with the signature of his attorney appears on the indictment and indicates that petitioner wished to plead guilty. That petitioner's attorneys determined that petitioner freely and voluntarily entered the plea of guilty.

"*Conclusions of Law.* The petition raises a myriad of points which the petitioner contends demands his release from the custody of the respondent. These points are: (1) That he was denied due process of law guaranteed him under the Fifth and Fourteenth Amendments to the United States Constitution because he had ineffective assistance of counsel. (2) That his guilty plea was not freely and voluntarily entered. (3) That he was denied counsel at a previous habeas corpus hearing. (4) That there was insufficient evidence that a murder had been committed. (5) That he was denied a committal hearing. (6) That he was denied the right to make a phone call after his arrest. (7) That he was denied the right to counsel when he was first detained. (8) That he was forced to confess to the offense with which he was charged. (9) That he was denied an arraignment hearing. (10) That he was denied a preliminary hearing. (11) That he was denied a competency hearing. (12) That he was denied his right to trial by jury. (13) That there was insufficient evidence that a murder had been committed.

"Before specifically addressing the above issues, the court considers it appropriate to review previous efforts of the petitioner to obtain habeas corpus relief in both State and Federal courts. In April of 1970, petitioner submitted a petition for a writ of habeas corpus to this court alleging that his retained counsel did not defend him at his criminal trial to the best of his ability. On May 5, 1970, a hearing was held before this court and the sole testimony of the petitioner was that his attorney had done nothing to help him. Petitioner offered no evidence in support of that conclusion. The respondent in that case offered the deposition of petitioner's former attorney,

James R. Venable, which tended to show that a full investigation of the homicide had been undertaken, and that the decision to enter a plea of guilty was arrived at only after full discussion with the petitioner. The respondent also put a certified copy of the transcript of petitioner's guilty plea hearing into evidence which tended to show that petitioner's counsel had fully informed petitioner of the nature of the charges against him and of the consequences of the guilty plea. On the basis of the evidence adduced at that hearing, this court entered an order denying the relief sought by the petitioner on July 10, 1970.

"Petitioner filed a timely notice of appeal from this court's denial of his petition. His appeal was docketed in the Georgia Supreme Court on August 18, 1970, and notice of that fact was mailed to the petitioner on the same day. Petitioner filed an untimely enumeration of errors with the Georgia Supreme Court on September 9, 1970, but failed to file a supporting brief. Consequently, petitioner's appeal was dismissed for want of prosecution on October 13, 1970.

"On October 29, 1970, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Georgia. That case was subsequently transferred to the United States District Court for the Northern District of Georgia. In that petition, petitioner challenged the validity of his guilty plea on the ground that he was denied effective assistance of counsel in that (1) his retained attorney failed to offer any defense in his behalf, (2) his attorney frightened him with the prospect of a death sentence if he exercised his right to trial by jury, and (3) his attorney made a deal with the prosecutor to have him plead guilty in return for a life sentence. In an order entered December 24, 1970, the federal District Court denied the petition on the merits, accepting at face value petitioner's allegation that he had exhausted available State remedies with respect to the issues raised in the petition. Petitioner appealed that decision to

the Fifth Circuit Court of Appeals where the Respondent pursued his contention that petitioner had failed to exhaust available State remedies. In a decision dated May 26, 1971, the Fifth Circuit Court of Appeals remanded the case to the district court for a closer investigation of whether the petitioner had in fact exhausted his available remedies in Georgia courts. Thomas v. Smith, 442 F2d 1330 (5th Cir. 1971).

"After reviewing the petitioner's efforts to obtain relief in the State courts, the United States District Court for the Northern District of Georgia concluded in an order entered August 27, 1971, that the petitioner had exhausted his State remedies with respect to his allegation that his attorney had failed to offer any defense in his behalf and rejected the respondent's contention that petitioner's conduct constituted a 'deliberate bypass' of his State remedies. Nevertheless, that court agreed with this court and concluded that the petitioner had failed to demonstrate that the conduct of his counsel was grossly inadequate or shocking to the conscience and denied relief on that particular allegation.

"With respect to petitioner's contentions that his attorney frightened him with the prospect of a death sentence if he sought to exercise his right to trial by jury and made a deal with the prosecutor to have petitioner plead guilty in return for a recommended life sentence, the district court concluded that the petitioner had failed to submit those issues to this court and consequently, had an available State remedy with respect to those contentions which he must have exhausted before seeking relief in Federal court. Petitioner then filed the petition which is presently before this court.

"The present petition contains numerous allegations only two of which are deemed by this court to warrant extensive consideration. Petitioner has again charged his retained attorney with being ineffective in that his attorney failed to move for a competency hearing. The only evidence offered by the petitioner on this point was

his testimony that he had been in a State mental hospital and that he was 'incompetent' at the time he pleaded guilty. One of petitioner's attorneys testified that he was aware that the petitioner had spent some time in a hospital but that he never considered the petitioner incompetent to stand trial or enter a plea of guilty. Moreover, the same attorney determined that petitioner had never been adjudicated incompetent. Petitioner also contends that he never spoke with his attorneys prior to his guilty plea hearing. However, both of petitioner's retained attorneys testified that they undertook a full investigation of the circumstances of the crime and fully advised the petitioner of all possible courses of action which could be taken prior to petitioner's entry of a guilty plea. Furthermore, petitioner's attorneys determined that petitioner's guilty plea was freely and voluntarily entered. Under these circumstances, this court must conclude that the petitioner has failed to bear his burden of proving that his retained counsel was so grossly inadequate as to shock the conscience of this court and that the evidence in this case is indicative of effective representation. Colson v. Smith, 438 F2d 1075, 1078 (5th Cir. 1971); Lamb v. Beto, 423 F2d 85, 87 (5th Cir. 1970); United States v. Mancuso, 423 F2d 23 (5th Cir. 1970); Williams v. Smith, 228 Ga. 314 (1971).

"The petitioner also alleges that his plea of guilty was not freely and voluntarily entered. The guilty plea in question was entered on June 9, 1969, approximately one week after the United States Supreme Court decision in Boykin v. Alabama, 395 U. S. 238 (1969). Therefore, the standards set forth in that case with respect to the entry and acceptance of guilty pleas are applicable herein. It is clear from the Boykin decision that a guilty plea involves the waiver of several federal constitutional rights and in order for such a plea to be valid it must affirmatively appear from the record that the plea was entered voluntarily and understandingly. Boykin v. Alabama, 395 U. S. 238, 242 (1969); Purvis v. Connell, 227 Ga. 764 (1971). It appears affirmatively from the record in this

case that the petitioner was fully advised of the charges against him by his retained attorneys and was advised of his right to a jury trial on those charges.

"It further appears that the petitioner was advised of his right to plead guilty and the sentences which could be imposed. The petitioner was also advised of the district attorney's agreement to recommend a life sentence on the charge against him in the event a guilty plea was entered. At his guilty plea hearing, the petitioner was again fully advised of the charges against him and his right to a trial by jury. During the hearing, petitioner indicated that he could read, write, and understand the English language and that his attorneys had explained the charges contained in the indictment and the penalties which could be imposed therefor, petitioner expressed a desire to plead guilty and indicated that his plea was freely and voluntarily made and indicated that he understood that he would be waiving his right to a trial by jury if he pleaded guilty. The petitioner also indicated that no one had threatened him, coerced him, or offered him any reward or hope of reward for entering his plea of guilty. Upon inquiry by the court, the petitioner indicated that his guilty plea was freely and voluntarily entered and that he understood that he was charged with murder and that he understood the penalties which could be imposed.

"Before this court, petitioner argued that his guilty plea was not entered of his own free will and was entered over the objection of his mother. The only evidence offered in support of this contention is petitioner's testimony. The testimony of both of petitioner's retained attorneys shows that both the petitioner and his mother were agreeable to entering a plea of guilty after having been fully advised of the rights to which the petitioner was entitled and the sentences which could be imposed. The transcript of the guilty plea hearing supports the testimony of the petitioner's attorneys.

"Petitioner also contends that he was incompetent at the time he was sentenced. The testimony of one of peti-

tioner's attorneys indicates that petitioner had never been adjudicated an incompetent. Furthermore, the same attorney testified that he considered petitioner to be very competent and that the petitioner appeared to understand his guilty plea proceedings.

"Petitioner also contends that his attorneys frightened his mother with the prospect of death in the electric chair. However, his testimony shows that he was not similarly frightened. Even if the petitioner were frightened of a possible death sentence and entered a plea of guilty in order to avoid the death sentence after being advised of the district attorney's agreement to recommend a life sentence if a guilty plea was entered, that fact would not invalidate petitioner's guilty plea because an otherwise valid plea of guilty is not involuntary because induced by the petitioner's desire to limit the possible maximum penalty to less than that authorized if there had been a jury trial. Parker v. North Carolina, 397 U. S. 790 (1970); Brady v. United States, 397 U. S. 742 (1970).

"Therefore, the court must conclude as a matter of law on the basis of the record in this case that the petitioner voluntarily and intelligently entered a plea of guilty to the charge against him.

"With respect to petitioner's allegations that (1) he was denied a committal hearing, (2) he was denied the right to make a phone call after being arrested, (3) he was denied the right to counsel when first placed under detention, (4) he was forced to confess, (5) he was denied an arraignment hearing, (6) he was denied a preliminary hearing, (7) he was denied a competency hearing, (8) he was denied a jury trial, (9) there was insufficient evidence of murder, such allegations, even if meritorious constituted defenses which should have been raised or rights which should have been exercised in the trial court. Petitioner's valid plea of guilty waived all defenses known and unknown and waived petitioner's right to trial by jury. Snell v. Smith, 228 Ga. 249 (1971). Therefore, these allegations are without merit.

"Upon due deliberation and after making the foregoing findings of fact and conclusions of law, it is: ordered and adjudged that the petitioner's prayer for relief be denied and that the petitioner be remanded to the custody of the respondent and that the costs of these proceedings be taxed against the respondent."

The appellant enumerates as error each paragraph of the trial court's findings of fact as well as the legal conclusions reached by the trial court. *Held:*

A review of the record and transcript discloses that each finding of fact was authorized by the evidence and the trial court did not err in any ruling of law. Accordingly, the judgment of the trial court remanding the prisoner to custody was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 11, 1972—DECIDED OCTOBER 23, 1972.

George H. Thomason, *pro se.*

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General, for appellee.