A90A1227. JOHNSON v. THE STATE.
(398 SE2d 826)

POPE, Judge.
Appellant Tonja Johnson was convicted of possession of cocaine and possession of marijuana. On appeal, he argues that the trial court erred in refusing his motion to suppress the fruits of the search.

Assistant Chief Moore received an anonymous telephone tip that two black men in a black truck were selling drugs to kids on Lewis Street. No details about the men or the truck or the alleged drug activity were provided. A call was put out by police radio and Officer Thurston went to the area and stopped a black truck with two black men in it. He testified that the stop was based solely upon the radio bulletin. He observed no suspicious activity by the men in the truck. Officer Thurston had Johnson get out of the truck and step to the rear of it. There he detained Johnson, explained why he was stopped and examined his driver's license. Lt. Floyd then arrived and asked to search the truck. Johnson questioned the police about the stop and the necessity of the search. Chief Gilmer then arrived and told Johnson that they could get a search warrant and after that Johnson

signed a waiver and allowed the search. Lt. Floyd first searched the truck and found nothing. Chief Gilmer then searched and turned up a small pouch between the seats containing the drugs. *Held*:

We reverse. The initial stop of Johnson's vehicle, based solely on an anonymous telephone tip that two black men in a black truck were selling drugs on Lewis Street, "would not warrant a man of reasonable caution in the belief that a stop was appropriate." (Punctuation and citation omitted.) *Alabama v. White*, ___ U. S. ___ (110 SC 2412, 110 LE2d 301) (1990). The Supreme Court in *White*, supra, made clear that for an anonymous telephone tip to provide a basis for articulable suspicion for police to make an investigatory stop (see *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)), the tip must provide some basis for predicting the future behavior of the subject of suspicion. In *White*, the anonymous telephone informant not only gave an accurate and detailed description of the suspect and her vehicle, the information also accurately predicted the suspect's subsequent activity and behavior. The informant stated that Vanessa White would be leaving 235-C Lynwood Terrace Apartments at a particular time in a brown Plymouth station wagon with a broken right taillight lens, that she would go to Dobey's Motel and would be in possession of about an ounce of cocaine in a brown attache case. Officers went to the apartments and saw White leave the building and get into the car described in the tip. She headed in the direction of the motel and was stopped just short of it. She consented to a search and police found cocaine in her purse and marijuana in a brown attache case in the car. The Supreme Court upheld the validity of the *Terry* stop based on the detail of the anonymous tip and the corroboration of information in the tip by police observation.

Here, by contrast, the description of the suspect was general and completely lacking in detail. The tip made no prediction about future behavior by which its reliability could be tested. The tip alone "provide[d] virtually nothing from which one might conclude that (the caller) is either honest or his information reliable; likewise, the (tip) [gave] absolutely no indication of the basis for the (caller's) predictions regarding [the suspect's] criminal activities.' [Cit.] By requiring '(s)omething more' . . . we merely apply what we said in *Adams [v. Williams*, 407 U. S. 143 (92 SC 1921, 32 LE2d 612) (1972)]: 'Some tips, completely lacking in indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized.' [Cit.]" *White*, supra, 58 LW at 4748-4749.

The tip in the present case completely lacked any indicia of reliability. No names were given, no detailed description of the vehicle was provided, nor was any detail given of the alleged illegal activity. Although the tip certainly warranted police investigation, further obser-

vation and corroboration was required before a forcible stop was authorized. In *White*, the Supreme Court stated that the facts of that case made it a close issue. *White*, supra at 4749. The facts in the present case clearly put it beyond the pale. We hold that the initial stop of Johnson was not valid because it was not based upon reasonable suspicion. Therefore, the subsequent consent to search was invalid and the trial court erred in not granting the motion to suppress.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 9, 1990.

*Crumbley & Crumbley, James T. Chafin III,* for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney,* for appellee.