## A91A0809. SWANSON v. THE STATE.
(412 SE2d 630)

SOGNIER, Chief Judge.

Willie Swanson was convicted of possession of cocaine, and he appeals.

Appellant contends in his sole enumeration of error that the trial court erred by denying his motion to suppress. The evidence adduced

at the hearing on the motion and at trial established that Atlanta Police Officer J. Martin, Jr. received a radio dispatch that an anonymous caller had reported that a dark-skinned black man wearing a "white Kangol hat," a sweater, and jeans was selling drugs at 987 Sells Avenue. Martin proceeded to that address, which he testified was in a known high drug trafficking area. Martin stated that appellant was standing at that address and matched the given description, including the wearing of a white hat similar to a golf cap with the name "Kangol" on it. Martin testified that he saw two or three other men near appellant, but did not see any drug transactions. Martin stated that he left his marked patrol car, approached appellant to interview him, and conducted a pat down for weapons before interviewing him. Martin testified that after patting down appellant's body, he took hold of appellant's hat in a "crunching manner" in order to verify that no weapons were inside the hat. Martin testified that in his experience people have placed weapons, such as razor blades and small knives, inside hats, although he acknowledged he had never found weapons inside the particular type of hat appellant was wearing. While Martin was checking the hat, a few bags containing what was later determined to be crack cocaine fell out of the hat. Appellant was placed under arrest, and a total of seven bags containing crack cocaine was ultimately retrieved from the hat.

Appellant argues that the anonymous tip Officer Martin received was not sufficient to "warrant a man of reasonable caution in the belief that a stop was appropriate." (Punctuation and citation omitted.) *Alabama v. White*, \_\_ U. S. \_\_ (110 SC 2412, 110 LE2d 301) (1990). See also *Johnson v. State*, 197 Ga. App. 538, 539 (398 SE2d 826) (1990). In *White*, an anonymous telephone caller alerted police that White would leave a certain apartment at a specific time in a described automobile and would drive to a specific destination while carrying a brown attache case containing cocaine. The officers who investigated the tip observed White leave the designated apartment building (although they could not determine from which apartment) at apparently the specified time, enter the described car, and drive the most direct route to the destination named by the anonymous telephone caller. After White was stopped, a search uncovered a brown attache case containing cocaine in the car. "The Supreme Court in *White*, supra, made clear that for an anonymous telephone tip to provide a basis for articulable suspicion for police to make an investigatory stop (see *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)), the tip must provide some basis for predicting the future behavior of the subject of suspicion. In *White*, the anonymous telephone informant *not only* gave an accurate and detailed description of the suspect and her vehicle, the information *also* accurately predicted the suspect's subsequent activity and behavior." (Emphasis

supplied.) *Johnson,* supra at 539. The Supreme Court in *White* established that detailed descriptions relating to easily obtained facts and conditions existing at the time of the tip are not sufficient to justify the stop. Rather, "[w]hat was important was the [anonymous telephone informant's] ability to predict [White's] *future behavior,* because it demonstrated inside information . . . . The general public would have had no way of knowing that [White] would shortly leave the building, get in the described car, and drive the most direct route to [the stated destination]. Because only a small number of people are generally privy to an individual's itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about that individual's illegal activities. [Cit.] When significant aspects of the caller's predictions were verified, there was reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the stop." *White,* supra at 110 LE2d 310.

In the case sub judice, the anonymous tip consisted solely of information that a described person was at a precise location at the time of the call. "The fact that [Officer Martin] found a [person] precisely matching the caller's description in front of the [stated address] is an example of [easily obtained facts and conditions existing at the time of the tip]. Anyone could have 'predicted' that fact because it was a condition presumably existing at the time of the call." *White,* supra at 110 LE2d 310. Unlike the situation in *White* or *State v. Rhule,* 197 Ga. App. 47 (397 SE2d 556) (1990) (anonymous tip at 4:00 p.m. informed police that defendant would be conducting drug transaction at stated location at 8:00 p.m.), here the anonymous tip contained no detailed information demonstrating the caller's ability to predict appellant's future behavior, and thus contained no information from which the police could have reason to believe the tipster was not only honest but also well informed enough to justify the stop. We do not agree with the State that Martin's knowledge that the address was in a high drug trafficking area in any manner corroborated the anonymous tipster's information so as to impart a degree of reliability to the other allegations made by the caller.

"Although the tip [in the case sub judice] certainly warranted police investigation, further observation and corroboration was required before a forcible stop was authorized. In *White,* the Supreme Court stated that the facts of that case made it a close issue. [Cit.] The facts in the present case clearly put it beyond the pale. We hold that the initial stop of [appellant] was not valid because it was not based upon reasonable suspicion." *Johnson,* supra at 539-540. Thus, we need not address appellant's argument that the officer's pat down was unauthorized, since we hold that the trial court erred by not granting the motion to suppress. Id.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 20, 1991.

*Leigh B. Finlayson, Luana K. Walsh, Kenneth D. Kondritzer,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Alfred D. Dixon, Richard E. Hicks, Assistant District Attorneys,* for appellee.