## A92A0351. MORELAND v. THE STATE.
(418 SE2d 788)

SOGNIER, Chief Judge.

William Thomas Moreland was convicted of possession of cocaine, and he appeals, contending the trial court erred by denying his motion to suppress.

The evidence showed that Officer Roy Jordan of the Newnan Police Department received an anonymous telephone tip that two black men in a dark red "raggedy" Camaro were selling drugs in the Eastgate-Fairmount area of Newnan. No other details were provided by the caller. Within five minutes after receiving the tip, Jordan and Officer Tony Brown arrived in the Fairmount area where they saw a red Camaro driving toward the Eastgate area. The officers could tell there were two persons inside the vehicle but could not determine their race or gender. Based solely on the anonymous tip, Jordan and Brown

stopped the red Camaro. Neither officer observed any suspicious activity by the persons in the car. Officer Brown went to the driver of the car, Tommy Lee Hayes, while Officer Jordan approached the front seat passenger, appellant. Jordan testified that at that time he recognized both men and knew they had prior records for drug offenses. Brown testified he told Hayes that "we had information that there were drugs in the car, that we intended to search him and the car," and removed Hayes from the car. Although Hayes appeared to be drinking, Brown acknowledged the car was not stopped for any possible DUI, and testified that because Hayes tested under the legal limit he was not charged with a DUI offense. Jordan asked appellant to step out of the car and frisked him. He found a thin metal cylinder less than three inches long in appellant's pocket, which Jordan identified as a device used to smoke cocaine. Expert testimony was adduced that tests conducted on the cylinder revealed it contained one centigram of cocaine. No contraband was discovered in the officers' search of the car.

We reverse. The facts of this case are indistinguishable from those in *Johnson v. State,* 197 Ga. App. 538 (398 SE2d 826) (1990), in which we held that the initial stop of a vehicle based solely on an anonymous telephone tip that "two black men in a black truck were selling drugs on Lewis Street, 'would not warrant a man of reasonable caution in the belief that a stop was appropriate.' . . . *Alabama v. White,* ___ U. S. ___ (110 SC 2412, 110 LE2d 301) (1990). The Supreme Court in *White,* supra, made clear that for an anonymous telephone tip to provide a basis for articulable suspicion for police to make an investigatory stop (see *Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)), the tip must provide some basis for predicting the future behavior of the subject of suspicion." Id. at 539. As in *Johnson,* the anonymous tip in the case sub judice was general and completely lacking in detail. "The tip made no prediction about future behavior by which its reliability could be tested. The tip alone provided virtually nothing from which one might conclude that the caller is either honest or his information reliable; likewise, the tip gave absolutely no indication of the basis for the caller's predictions regarding the suspect's criminal activities." (Punctuation and citation omitted.) Id. "Although the tip [in the case sub judice] certainly warranted police investigation, further observation and corroboration [were] required before a forcible stop was authorized. In *White,* the Supreme Court stated that the facts of that case made it a close issue. [Cit.] The facts in the present case clearly put it beyond the pale. We hold that the initial stop of [appellant] was not valid because it was not based upon reasonable suspicion." Id. at 539-540. Thus, we need not address appellant's arguments that the officer's pat down was unauthorized, since we hold that the trial court erred by not granting

the motion to suppress. Id. See *Swanson v. State*, 201 Ga. App. 896 (412 SE2d 630) (1991).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 8, 1992.

*Rosenzweig, Kam, Jones & MacNabb, Douglas L. Dreyer*, for appellant.

*Peter J. Skandalakis, District Attorney, David P. Oliver, Assistant District Attorney*, for appellee.