A92A1080. THE STATE v. HOLTON.
(422 SE2d 295)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of violating the Georgia Controlled Substances Act (possession of marijuana with intent to distribute). Defendant had been arrested when marijuana was discovered in an automobile that he was driving and while in the custody of the police made incriminating statements. Defendant filed motions to suppress the evidence and statements. The trial court granted the motions and the State appeals.

The following facts were adduced at the hearing: An anonymous caller notified Sergeant Bryant of the Moultrie-Colquitt County Drug

Squad that defendant, Adie Holton, and defendant's wife, Wanda Young, would be going to Plymel's Liquor Store in a small brown automobile after defendant got off from work; that defendant would park the automobile on the north side of the store; that other persons would go into the store to cash their paychecks and buy beer or liquor; and that, upon exiting the store, they would approach the automobile and buy marijuana. Sergeant Bryant went to the liquor store and waited for the arrival of the brown automobile. Office Casteloes was instructed to join the stakeout in another vehicle. Sergeant Bryant told Officer Casteloes that they would stop and search the automobile if defendant showed up in it.

Defendant proceeded into the parking lot of the liquor store in the described automobile. Defendant was behind the wheel and his wife was in the passenger seat of the automobile. Sergeant Bryant watched the automobile for about ten minutes. During that period of time, two or three men approached the automobile, knelt down beside it, and talked to defendant and his wife. The officers could not determine whether any kind of illegal activity was taking place. Nevertheless, Sergeant Bryant instructed Officer Casteloes to move in and search the automobile.

Officer Casteloes proceeded into the parking lot behind the automobile. He testified that he asked defendant to step to the rear of the automobile; that defendant complied with his request; that he asked defendant if he would consent to a search of the automobile; and that defendant gave his consent. He also testified that he asked Ms. Young to exit the automobile; that she did so; and that he searched the automobile and discovered a quantity of marijuana in the glove box. The officer added that the search was based upon defendant's consent.

Wanda Young testified that defendant went into the liquor store while she sat in the passenger seat of the automobile; that she was told to exit the automobile because the police were going to search it; and that she owned the automobile and did not give the police permission to search it. She also testified that an officer approached defendant when he returned to the automobile; and that no one asked defendant for his permission to search the automobile. Significantly, however, she added that she only heard parts of the conversation between the officer and the defendant and that she did not hear "enough to tell you what they said."

Defendant took the stand to testify on his own behalf. Before he got to the crux of the matter, the trial court interrupted him to "confer with counsel in chambers." After a conference with counsel, which was not reported, the trial court granted defendant's motions. This appeal followed. *Held*:

1. "The Supreme Court of the United States has held that when a police officer accosts an individual and restrains his freedom to walk

away, he has 'seized' that person within the meaning of the Fourth Amendment. Terry v. Ohio, 392 U. S. 1, 16 (88 SC 1868, 20 LE2d 889) (1968). To justify a warrantless intrusion of this nature, the state must be able to point to specific and articulable facts, which, together with rational inferences drawn therefrom, reasonably warrant the intrusion. Terry v. Ohio, supra; [cits.].

"What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing. . . . 'Where no circumstances at all appear which might give rise to an articulable suspicion (less than probable cause, but greater than mere caprice) that the law has been violated, the act of following and detaining a vehicle and its occupants must be judged as an impermissible intrusion on the rights of the citizen.' Brooks v. State, 129 Ga. App. 109, 111 (198 SE2d 892) (1973).

"What is implicit in the above is that each case must turn on its own independent circumstances bearing on the issue of reasonableness of the seizure." Brisbane v. State, 233 Ga. 339, 341-342 (211 SE2d 294) (1974). Did the facts and circumstances known to the police give rise to an articulable suspicion that defendant was engaged in illegal activity? We think that they did.

In Alabama v. White, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990), an anonymous telephone caller informed the police that, carrying a brown attache case containing cocaine, Vanessa White was going to be leaving a certain apartment at a particular time, entering a brown Plymouth station wagon with a broken right taillight lens, and driving to Dobey's Motel. The police saw White leave the apartment building, enter the described vehicle and drive in the direction of Dobey's Motel and they stopped her shortly before she got there. White consented to a search and the police discovered cocaine in her purse and marijuana in a brown attache case in the vehicle. The Supreme Court upheld the investigatory stop of White because the anonymous tip was sufficiently detailed and it was corroborated by the observations of the police. In so ruling, the Court made it clear that an anonymous tipster must predict the subject's future behavior in order to provide articulable suspicion for an investigative stop: "What was important was the [anonymous telephone caller's] ability to predict [White's] future behavior, because it demonstrated inside information. . . . The general public would have had no way of knowing that [White] would shortly leave the building, get in the described car, and drive the most direct route to [the stated destination]." Id. at 332.

In the case sub judice, the anonymous tipster predicted defendant's future behavior in detail. The tipster identified defendant and his wife by name and informed the police that after defendant got off

work, he would drive a brown automobile to a liquor store and park on the north side of the store; that he would be accompanied by his wife; and that persons would enter the liquor store and, upon exiting the store, approach defendant's automobile to purchase marijuana. The police were unable to see whether any marijuana passed hands but they were able to corroborate every other detail of the tip. We have no hesitation in concluding that the tip and the totality of the attendant circumstances provided articulable suspicion to warrant an investigative stop. *Alabama v. White*, supra. Cf. *Swanson v. State*, 201 Ga. App. 896 (412 SE2d 630); *Johnson v. State*, 197 Ga. App. 538 (398 SE2d 826).

Having concluded that the investigatory stop of defendant was justified, we must examine whether the search of the automobile violated defendant's Fourth Amendment rights. Before we do so, however, we pause to consider *Rucker v. State*, 199 Ga. App. 854 (406 SE2d 277), cited by defendant.

Defendant's reliance upon *Rucker* is misplaced because the issue in that case was not whether the police had enough information to raise an articulable suspicion for an investigatory stop but whether they had probable cause to conduct a warrantless search. In *Rucker*, a confidential informant advised the police that defendant was due to make a delivery of cocaine at a certain apartment complex. He was described as a black male and a tag number and description of his car were given. When that defendant drove up to the apartment complex, a police officer asked him to step out of his car and, without further ado, he searched it. The trial court denied that defendant's motion to suppress and this Court reversed, holding that there was insufficient corroboration of the details of the tip to establish probable cause for a warrantless search. In passing, the *Rucker* court observed that "[t]he tip provided the officer with sufficient articulable facts to make an investigatory stop of the defendant." Id. at 856.

2. The police based their search of the automobile upon defendant's voluntary consent. Defendant points out that whether or not he gave his consent to search the automobile was a factual question and that we must uphold the trial court's decision on a question of fact arising in the context of a motion to suppress. In this regard, defendant argues that the testimony of Wanda Young was in conflict with that of the officer and that the trial court chose to believe Wanda Young's testimony.

" '*(W)here there is a conflict in the evidence* on the motion to suppress, the ruling of the trial court will be upheld where there is evidence to authorize a finding in support of his order.' (Emphasis supplied.) *State v. Swift*, 232 Ga. 535 (2) (207 SE2d 459); *Woodruff v. State*, 233 Ga. 840 (3) (213 SE2d 689); *Parks v. State*, 150 Ga. App. 446, 448 (2) (258 SE2d 66). The Georgia Supreme Court cites Lego v.

Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618), as the fountainhead for the doctrine of the standard to apply by an appellate court in reviewing a decision of a trial court on suppression of evidence. Lego, supra, was based on 'a pretrial suppression hearing at which *conflicting evidence was presented as to the voluntariness* of a confession . . .' (Emphasis supplied.) However, in the instant case there was no conflict in the evidence presented." *State v. Medders*, 153 Ga. App. 680, 681, 682 (266 SE2d 331).

Officer Casteloes testified that defendant consented to a search and his testimony was not contradicted. True, Wanda Young stated that no officer asked defendant's permission to search the automobile. Placed in context, however, it is clear that Ms. Young only heard parts of the conversation between defendant and Officer Casteloes. She acknowledged that she did not hear enough of the conversation to be able to state what was said. Thus, it cannot be said that the testimony of Ms. Young contradicted the testimony of Officer Casteloes.

In view of the clear and unimpeached testimony of Officer Casteloes, defendant's consent to a search of the automobile was established and the granting of defendant's motions to suppress was clearly erroneous. *State v. Medders*, 153 Ga. App. 680, supra. We note, however, that the trial court granted defendant's motions to suppress before defendant had a chance to give any testimony with respect to the consent issue. Accordingly, we vacate the judgment of the trial court and remand this case for a continuation and completion of the hearing. At the conclusion of the hearing, the trial court will enter another order upon defendant's motions to suppress.

*Judgment vacated and case remanded for proceedings not inconsistent with this opinion. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1992.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney,* for appellant.
*May & Horkan, Dwight H. May,* for appellee.