A93A0060. IN THE INTEREST OF J. L. G., a child.
(434 SE2d 126)

SMITH, Judge.

After appellant's motion to suppress 92 individually wrapped rocks of crack cocaine was denied, he was adjudicated delinquent and committed to the custody of the Youth Detention Center. He appeals from the denial of his motion to suppress the cocaine and the adjudication of delinquency and disposition of commitment entered by the juvenile court.

In his motion to suppress, appellant contended that his warrantless arrest was illegal because the police lacked probable cause to believe that he had committed any crime. The denial of this motion is appellant's sole enumeration of error.

Only the arresting officer testified at the hearing on the motion to suppress. He and his partner received a radio dispatch that an un-

identified caller reported two suspicious black males at a specified block in Covington, Georgia, near a residential apartment complex. One was identified as wearing pants but no shirt, the other as being on a bicycle and possibly being in possession of a small handgun. Within minutes of the dispatch, the officers arrived at the named location and saw appellant, wearing pants but no shirt, standing alone by the street. When appellant saw the police car, he stuck his hand in his pocket, turned away from the officers, and crossed the street in front of their vehicle. When the officers began exiting the vehicle, appellant broke into a run, refusing the command to halt. Appellant was tackled and while he was being subdued, numerous small packages of cocaine were discovered on the ground where he had fallen.

"[T]he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975). "Where there is evidence to support the *decision* of a trial judge on motion to suppress evidence, that decision will not be disturbed on appeal. [Cits.]" (Emphasis supplied.) *Orkin v. State*, 236 Ga. 176, 189 (3) (223 SE2d 61) (1976).

Contrary to appellant's arguments, the police did not need probable cause to arrest in order to approach and question him. " '[N]ot all seizures of the person must be justified by probable cause to arrest for a crime. . . . (C)ertain seizures are justifiable under the Fourth Amendment if there is articulable suspicion that a person has committed or is about to commit a crime. . . . [R]easonable suspicion of criminal activity warrants a temporary seizure for the purpose of questioning limited to the purpose of the stop.' [Cits.]" (Emphasis omitted.) *Jones v. State*, 187 Ga. App. 421, 423 (370 SE2d 784) (1988). No evidence was presented that any person *but* appellant matched the description of a black male wearing pants but no shirt at that exact block at that time.

When appellant turned and appeared to hide something upon first seeing the police, the officers were reasonably authorized to believe that it might be appellant who possessed the gun warned of in the anonymous tip. As soon as the police began to leave their vehicle, appellant began to run. "This attempt to leave . . . was assessable as flight, which being evidence of consciousness of guilt ([cit.]) in the circumstances gave rise to an 'articulable suspicion' that [appellant] was engaged in criminal activity and authorized police to stop [appellant] briefly for investigation. Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search ([cit.]). . . . The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause for arrest simply to shrug his shoulders and allow a criminal to escape." *State v. Smalls*, 203 Ga. App. 283, 286 (2) (416

SE2d 531) (1992). " '(A) reasonable search for weapons for the protection of the police officer, (is permitted) where he has reason to believe that he is dealing with an armed and dangerous individual, *regardless* of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent [officer] in the circumstances would be warranted in the belief that his safety or that of others was in danger.' [Cit.]" (Emphasis supplied.) *Smith v. State*, 139 Ga. App. 129, 131 (2) (227 SE2d 911) (1976).

Contrary to the dissent's assertion, we do not hold that either an anonymous tip alone *or* flight alone warrants a forcible stop. Rather, we apply the well-established principle that "[f]light in connection with other circumstances may be sufficient probable cause." *State v. Smalls*, supra at 286. In this case, the anonymous tip mentioned the presence of a handgun and already had proven accurate in several respects; appellant fled in apparent direct response to the police leaving their patrol car; and the appellant placed his hand in his pocket, after noticing the arrival of the police, giving rise to a reasonable suspicion that he might have been reaching for a firearm. The police had a valid basis to detain appellant briefly for the limited purpose of determining whether he was carrying a gun. See *State v. Ball*, 207 Ga. App. 729 (429 SE2d 258) (1993). Compare *Johnson v. State*, 197 Ga. App. 538 (398 SE2d 826) (1990) (initial stop invalid because based upon anonymous tip alone). When, during that brief detention, the police observed the cocaine on the ground at the point where appellant had been subdued, the police clearly had probable cause to arrest him for illegal possession of drugs. The juvenile court correctly denied appellant's motion to suppress.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Beasley, P. J., Cooper and Andrews, JJ., concur. Blackburn, J., dissents. Johnson, J., not participating.*

BLACKBURN, Judge, dissenting.

I respectfully dissent.

I cannot agree with the majority's decision that the warrantless intrusion on the appellant's civil rights was justified. An anonymous tip provided by an unknown caller that a shirtless black male, accompanied by another black male on a bicycle, the latter possibly in possession of a firearm, is insufficient to supply the arresting officers with the articulable suspicion necessary to justify a warrantless intrusion of this nature. The tip from an unidentified source was purely speculative and did not provide a basis for any detention. The fact that a shirtless black teenager is standing on a neighborhood street in May provides no reasonable suspicion that a crime has been committed. The vague description could have readily applied to any number of

individuals, from toddlers to the elderly, in the area at the subject time and did not provide any information to indicate that any crime was being committed by such unidentified person. For the reasons discussed below, I conclude that the trial court erred in denying the appellant's motion to suppress as a matter of law, as the tip provided by the anonymous caller, did not warrant the initial investigatory stop of the appellant.

" 'To justify a warrantless intrusion of this nature, the state must be able to point to specific and articulable facts, which, together with rational inferences drawn therefrom, reasonably warrant the intrusion. *Terry v. Ohio*, supra; (cits.).' " *State v. Holton*, 205 Ga. App. 434, 436 (1) (422 SE2d 295) (1992). " 'An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. (Cits.)' [Cit.]" *Evans v. State*, 183 Ga. App. 436, 438 (2) (359 SE2d 174) (1987). "Although this suspicion need not meet the standard of probable cause, it must be more than mere caprice or a hunch or an inclination." *State v. Smith*, 137 Ga. App. 101, 102 (223 SE2d 30) (1975). Where an investigatory stop is based upon the tip of an anonymous caller, as in the instant case, the state must further show that "the anonymous tip was sufficiently detailed and it was corroborated by the observations of the police." *Holton*, supra at 436. See also *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990). In *White*, the Supreme Court placed great weight on the anonymous caller's ability to predict White's future behavior, as it demonstrated inside information, information that the general public would have no way of knowing.

In *Johnson v. State*, 197 Ga. App. 538, 539 (398 SE2d 826) (1990), this court applied the analysis of *White*, supra, and invalidated a stop based upon information received from an anonymous informant where "the description of the suspect was general and completely lacking in detail," and "[t]he tip made no prediction about future behavior by which its reliability could be tested." Although the tip provided by the anonymous caller in *Johnson* was more detailed than the tip provided in the instant case and predicted criminal activity, the court concluded that further observation and corroboration was required before a forcible stop was authorized, as "[t]he tip alone 'provide(d) virtually nothing from which one might conclude that (the caller) is either honest or his information reliable. . . .' " This court further noted in *Johnson*, at 539, that " 'the (tip) (gave) absolutely no indication of the basis for the (caller's) predictions regarding (the suspect's) criminal activities.' [Cit.]" " ' "Some tips, completely lacking in indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized." (Cit.)' [Cit.]" Id.

Likewise, in *Swanson v. State*, 201 Ga. App. 896 (412 SE2d 630) (1991), this court again found that an investigatory stop was unlawful where an anonymous caller reported that a dark-skinned black man wearing a white Kangol hat, a sweater, and jeans, was selling drugs at a specific address, as these facts were easily obtainable, existed at the time of the call, and contained no information demonstrating the caller's ability to predict the suspect's future behavior. Further, the tip provided by the anonymous caller "contained no information from which the police could have reason to believe the tipster was not only honest but also well informed enough to justify the stop." *Swanson,* supra at 898. Moreover, in *Moreland v. State*, 204 Ga. App. 218, 219 (418 SE2d 788) (1992), where the police department received an anonymous tip that two black people in a dark red Camaro were selling drugs in a particular area of a small town, this court, citing *White,* supra, again recognized that such a tip " ' "would not warrant a man of reasonable caution in the belief that a stop was appropriate," ' " as the tip was general and completely lacking in detail.

Based upon the "pale" evidence in this case, *Moreland,* supra at 219, I find that the police officers did not have an articulable suspicion to warrant the initial seizure of the appellant, which resulted in the appellant's arrest *before* the contraband was found. The sole information used by the officers to forcibly stop the appellant was the information received from a dispatcher who processed the information that he received from the unknown caller. The information provided by the unknown informant was general in nature, within the knowledge of anyone in the community, and did not provide a basis for the officers to test the reliability or honesty of the anonymous tipster. Further, the caller did not indicate that the appellant was engaged in any criminal activity or predict any future criminal conduct. In fact, the officers did not see the other suspect that supposedly possessed a gun. Consequently, further observation and corroboration was necessary before a stop of the appellant would have been justified.

Although the majority asserts that the stop was authorized based upon the appellant's flight upon seeing an officer, this court, in *Harris v. State*, 205 Ga. App. 813 (423 SE2d 723) (1992), recognized that flight alone is insufficient to warrant a forcible stop of an individual. Other factual circumstances must be present before flight can provide justification for such a warrantless intrusion, such as objective manifestations of criminal activity, as considered by this court in *State v. Smalls*, 203 Ga. App. 283 (416 SE2d 531) (1992), which is cited by the majority. Moreover, *Smith v. State*, 139 Ga. App. 129 (227 SE2d 911) (1976), also cited by the majority, is inapplicable to the facts of this case as the record does not show facts from which the officers could have reasonably inferred that *the appellant was armed and danger-*

*ous*. Although the tip provided information that the other suspect, who was not seen by the officers, *possibly* had a gun, there is no evidence that the appellant had a gun or was even searched for a weapon.

This court's decision in *State v. Ball*, 207 Ga. App. 729 (429 SE2d 258) (1993), also discussed in the majority opinion, supports the suppression of the evidence seized from the officer's unjustified stop of the appellant. The information provided in the tip to the police officer in *Ball* was quite similar to the tips provided in *Swanson*, supra, and *Moreland*, supra. However, the important distinguishing factor in *Ball*, which was not present in *Swanson*, supra, *Moreland*, supra, or in the instant case, is the fact that the officer in *Ball* recognized the defendant and his car prior to making the investigatory stop, as the defendant had been involved in a prior investigation where drugs were discovered. In addition, the officer in *Ball*, was able to verify specific details that had been given by the anonymous caller, such as the model and license plate number of the defendant's car.

" 'Reasonable suspicion . . . is dependent upon both the content of information possessed by police and its degree of reliability. Both factors — quantity and quality — are considered in the "totality of the circumstances — the whole picture," (cit.), that must be taken into account when evaluating whether there is reasonable suspicion. Thus, if the tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable.' [Cit.]" *Ball*, supra at 734.

In *Swanson*, supra, *Johnson*, supra, and *Moreland*, supra, this court repeatedly denounced warrantless intrusions of this nature and should do so in this case as well. I conclude that the juvenile court erred in denying the appellant's motion to suppress as the officers lacked sufficient evidence that would warrant a man of reasonable caution in the belief that a stop was appropriate. Accordingly, the decision of the trial court denying the appellant's motion to suppress should be reversed.

DECIDED JULY 16, 1993.

*W. Donald Kelly*, for appellant.

*Alan A. Cook, District Attorney, Jefferson B. Blandford, Assistant District Attorney*, for appellee.