## A94A0390. TEDFORD v. THE STATE.
(444 SE2d 156)

POPE, Chief Judge.

Defendant Larry C. Tedford was found guilty following a bench trial of violating the Georgia Controlled Substances Act (possession of cocaine) and possessing a firearm. He appeals, enumerating as error the denial of his motion to suppress.

As is pertinent to this issue, the record shows that the Cobb County Police Department received a call from a cook at the Waffle House located at Delk and Powers Ferry Roads who told the dispatcher that a customer approached him and said that he had been talking to a white male driving a blue vehicle with Georgia license tag number BX 307 outside the restaurant and that the man told the customer to leave the area because he was going to rob the restaurant. The officer who responded to the call testified that when he arrived

he parked directly behind the vehicle matching the description given in the dispatch and that he immediately observed defendant opening his door and exiting his vehicle. The officer testified he got out of his car and "grabbed the suspect, and had him put his hands on the car, and did a frisk to search for weapons." During the pat-down search the officer found a loaded semi-automatic handgun in defendant's right front pocket, and the officer immediately placed the defendant under arrest for carrying a concealed weapon without a permit. The officer then conducted a more intrusive search of the defendant, during which the officer found two packages of a substance subsequently identified as cocaine. The officer also looked inside defendant's vehicle, where he observed another semi-automatic handgun on the front seat. The officer further testified that he talked to the Waffle House employee who called police, but that the customer who gave the employee defendant's description and the information that defendant was going to rob the restaurant had left the restaurant and did not leave his name.

Defendant, relying on *Johnson v. State*, 197 Ga. App. 538 (398 SE2d 826) (1990) and similar cases, argues that the information received by police officers was insufficient to authorize the initial investigatory detention and pat-down search and that, therefore, the trial court erred in denying his motion to suppress. We disagree and hold that the situation in the case at bar is distinguishable from *Johnson* and other like cases.

In *Johnson* an anonymous tipster called police and stated that "two black men in a black truck were selling drugs to kids on Lewis Street." Id. at 538. Based on the United States Supreme Court decision in *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990) we held that the trial court erred in denying the motion to suppress both because the information provided was "general and completely lacking in detail" and because the "tip made no prediction about future behavior by which its reliability could be tested." *Johnson*, 197 Ga. App. at 539. " ' "Some tips, completely lacking indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized." ' " Id. at 539, citing *Adams v. Williams*, 407 U. S. 143 (92 SC 1921, 32 LE2d 612) (1972). However, the "tip" in this case does not fall into this category. The case at hand does not involve the situation where an anonymous caller telephones police with general information about alleged criminal activity. Rather, in this case a customer, at some danger to himself, approached an employee of a restaurant and gave the employee a face-to-face warning that the restaurant was about to be robbed. The customer provided a general description of the individual who approached him and a more detailed description of the individual's vehicle, as well as the individual's specific location.

The customer also relayed the basis for his warning, that the individual told him to leave the area because he was about to rob the restaurant. The customer then left the premises, and there is nothing in the record to show that the customer was even aware of what action the restaurant employee took in response to the information. Information obtained under these circumstances has greater indicia of reliability than an anonymous telephone tip. Cf. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991). Moreover, although the court in *Alabama v. White* placed great emphasis on the fact that the tipster in that case accurately predicted the suspect's future behavior, in this case defendant was already on the premises of the restaurant and all that remained was for him to enter and commit the crime. According to the officer, defendant was exiting his vehicle when he arrived, and at that point there would have been little else for the officer to observe except for the actual commission of the crime.

" 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* (*Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) ((1968))) recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. (Cits.)' (Punctuation omitted.) [Cits.]" *State v. Vansant*, 208 Ga. App. 772, 774-775 (431 SE2d 708) (1993). " 'What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing. . . . "Where no circumstances at all appear which might give rise to an articulable suspicion (less than probable cause, but greater than mere caprice) that the law has been violated, the act of . . . detaining [an individual] and its occupants must be judged as an impermissible intrusion on the rights of the citizen." *Brooks v. State*, 129 Ga. App. 109, 111 (198 SE2d 892) (1973).

" 'What is implicit in the above is that each case must turn on its own independent circumstances bearing on the issue of reasonableness of seizure.' *Brisbane v. State*, 233 Ga. 339, 341-342 (211 SE2d 294) (1974)." *State v. Holton*, 205 Ga. App. 434, 436 (1) (422 SE2d 295) (1992). "The right of a police officer to stop an automobile [or detain an individual] 'is always dependent on the exigencies of the immediate situation.' [Cit.]" *Vansant*, 208 Ga. App. at 775. We find that the facts and the circumstances in this case gave rise to a reasonable and articulable suspicion of criminal activity justifying the investigatory detention of defendant.

Having so concluded, the question remains whether the officer was also authorized to conduct a weapons search incident to the investigatory detention. Just as it is not unreasonable for officers to anticipate that suspected drug dealers might be armed, it is certainly not unreasonable for officers to anticipate someone about to commit a robbery of a restaurant would use a weapon in the commission of that crime. See *State v. Jarrells*, 207 Ga. App. 192 (4) (427 SE2d 568) (1993). "It has long been recognized . . . that an officer with an articulable suspicion sufficient to authorize an investigative detention of a suspect is not constitutionally required to place himself in jeopardy and may, under certain circumstances, conduct a preliminary search for weapons." Id. at 193 (3).

At the point the officer discovered the concealed weapon and defendant admitted carrying the weapon without a permit, the officer properly placed defendant under arrest. The more intrusive search of defendant was thus authorized as incident to a lawful arrest. " 'Once a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband.' [Cit.]" *Paxton v. State*, 160 Ga. App. 19, 20 (1) (285 SE2d 741) (1981). The trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 17, 1994.

*Steven P. Berne*, for appellant.

*Thomas J. Charron, District Attorney, D. Victor Reynolds, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.