A94A0227. VonLINSOWE v. THE STATE.
(445 SE2d 371)

SMITH, Judge.
Kimberly L. VonLinsowe entered a conditional guilty plea pursu-

ant to *Mims v. State*,[1] 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991), to possession of marijuana with intent to distribute. She reserved for appeal the denial of her motion to suppress. We reverse.

The following evidence was presented at the motion hearing. A dispatcher with the Monroe County Sheriff's Department received a telephone call from an unidentified person. The caller claimed to have seen drugs pass between two individuals in Gwinnett County. The caller described a vehicle used by one of the parties to the alleged exchange as an older model Chevrolet with a maroon fender, license plate number JZR 744, and stated there was reason to believe more drugs would be found in her car. The caller stated the vehicle left Gwinnett County at approximately 11:20 a.m. headed south on I-75 toward Monroe County, and was being driven by a white female. The dispatcher ran the license plate number through the NCIC computer to determine the vehicle's owner. Armed with this information, Sergeant Danny Purvis of the Monroe County Sheriff's Department parked on I-75 two to three miles north of the Forsyth, Georgia, exit to look out for the vehicle described by the caller.

The vehicle in question passed Purvis's location at approximately 12:50 p.m. Purvis followed. The vehicle soon exited the interstate and proceeded to a shopping center parking lot. VonLinsowe parked and began walking toward a video store. At this time, Purvis approached her and asked for her driver's license and insurance card. VonLinsowe complied, returning to her vehicle to retrieve her driver's license. Soon thereafter, Purvis informed VonLinsowe that he was acting on a lookout from someone in another county and asked for consent to search her vehicle. VonLinsowe refused.

Purvis responded by informing VonLinsowe she would have to be detained while an investigator was called to the scene. The State concedes that at this point the encounter between Purvis and VonLinsowe advanced to a brief seizure that must be supported by reasonable suspicion under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). It is the State's position that VonLinsowe subsequently gave a valid consent to search her vehicle which resulted in the discovery of approximately four ounces of marijuana.

1. We must first determine whether the officers were authorized to detain VonLinsowe after she initially refused to allow Purvis to search her vehicle. The trial court correctly observed that anonymous tips, if sufficiently corroborated, can provide sufficient cause for a *Terry* stop. See, e.g., *State v. Ball*, 207 Ga. App. 729, 734 (429 SE2d 258) (1993). On this basis, the court held that the officers' conduct,

---

[1] We note that the *Mims* conditional guilty plea procedure is no longer allowed. *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994). The plea in the present case was entered prior to the effective date of our holding in *Hooten*.

which included the continued detention of VonLinsowe after she refused to consent to the automobile search, "was justified in at least checking out to the best of their ability the information they received."

We first note that the only information of criminal activity supporting the detention was an anonymous tip stating there was reason to believe that VonLinsowe had drugs in her vehicle. There is no suggestion in the record that the unknown informant's information was inherently reliable.

"Of course, even if an officer cannot provide information regarding the veracity of an informant or the basis of his knowledge, a tip may be proved reliable enough to provide [reasonable suspicion of criminal activity] if portions of the tip are sufficiently corroborated. [Cit.] In order for the corroboration to be meaningful enough to show reliability, however, the information corroborated must include 'a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted.' [Cit.] In short, the information corroborated will generally need to be a prediction of future behavior, as in [*Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983)], or something similar — that is, inside information not available to the general public. [Cits.]" *State v. Bryant*, 210 Ga. App. 319, 321 (436 SE2d 57) (1993). Although *Bryant* dealt with a probable cause standard, the underlying principle applies with equal force when the required standard is reasonable suspicion under *Terry v. Ohio,* supra. See *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990); *Johnson v. State*, 197 Ga. App. 538 (398 SE2d 826) (1990).

Sergeant Purvis had corroborated no information not available to the general public at the time he informed VonLinsowe, a resident of Forsyth, Georgia, that she was being detained. VonLinsowe's race, the description of her vehicle, her license number, etc., was information available to any member of the motoring public, as was the fact that she was heading toward Monroe County on Interstate 75 prior to the time Purvis spotted her. Moreover, although Purvis's initial encounter with VonLinsowe was apparently consensual in nature, he received no additional information as a result of that contact which would constitute the articulable facts necessary to authorize further, non-consensual detention. While we do not find the initial encounter between Purvis and VonLinsowe to have been unlawful, Purvis lacked reasonable suspicion based on articulable facts to *detain* VonLinsowe based solely on an uncorroborated, anonymous tip. The trial court erred in failing to reach this initial determination. See generally *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788) (1992), and cases cited therein.

2. Although the inquiry necessarily begins with the determination of whether VonLinsowe was being unlawfully detained at the time she purportedly consented to the search of her vehicle, it does not end there. "[I]f the subsequent search was pursuant to a voluntary consent which was not a product of the illegal detention, the taint of that illegal detention would not require suppression of the evidence. [Cit.]" *Miranda v. State*, 189 Ga. App. 218, 221 (3) (375 SE2d 295) (1988). "However, in order to eliminate any taint from an involuntary seizure or arrest, there must be proof both that the consent was voluntary and that it was not the product of the illegal detention. Proof of a voluntary consent alone is not sufficient. The relevant factors include the temporal proximity of an illegal seizure and consent, intervening circumstances, and the purpose and flagrancy of the official misconduct. [Cits.]" *Brown v. State*, 188 Ga. App. 184, 187 (372 SE2d 514) (1988).

As previously stated, when VonLinsowe did not consent to the initial detention, Sergeant Purvis informed her that he would have to detain her while an investigator was called to the scene. Soon thereafter Investigator Mercer Bush, also with the Monroe County Sheriff's Department, arrived at the parking lot. Bush asked whether VonLinsowe had refused to allow Sergeant Purvis to search her vehicle, and she replied affirmatively. Bush then told VonLinsowe that he had two options at that point and would follow whichever option she preferred. She could consent, in which case they would search her car as quickly as possible and try not to detain her any longer than necessary, or she could refuse, which would make it necessary for him to apply for a search warrant. Bush informed VonLinsowe that he did not know how long that would take, but that he would leave Sergeant Purvis with her while he obtained the warrant. According to VonLinsowe, she signed the consent form because "they made me feel like they were going to search the car one way or another and it didn't matter if I consented or if I didn't because they were going to search my car, and I had no other choice."

The State offers nothing on this issue save for the conclusory statement that the consent was not a product of the illegal detention along with a citation to *Rogers v. State*, 206 Ga. App. 654 (426 SE2d 209) (1992), a case in which this court reversed the trial court's denial of the defendant's motion to suppress. Considering that Purvis responded to VonLinsowe's initial refusal to consent by informing her that she would have to be detained, and also considering that Investigator Bush expressly invited her to consider her options in terms of how quickly or slowly she would be released from that detention, we cannot agree with the State's unsupported conclusion.

The trial court erred in denying VonLinsowe's motion to suppress evidence based on a consent which was tainted by VonLinsowe's

illegal detention. *Brown*, supra. The judgment is therefore reversed and the case remanded to allow VonLinsowe to withdraw her conditional guilty plea.

*Judgment reversed and case remanded. Pope, C. J., and Mc-Murray, P. J., concur.*

DECIDED JUNE 23, 1994.

*Michael A. Dillon*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.