A95A0761. ARCHER v. THE STATE.
(456 SE2d 754)

BLACKBURN, Judge.

Following a bench trial, the appellant, Stephen Edward Archer, was found guilty of one count of possession of cocaine in violation of the Georgia Controlled Substances Act and sentenced to three years probation. On appeal, Archer asserts that the trial court erroneously denied his motion to suppress and that the evidence was otherwise insufficient to support his conviction.

On December 19, 1993, at about 2:00 a.m., Marietta Police Officer M. J. Caillouet was dispatched to a local bar known as the King's Head Pub in response to an anonymous tip that a black male wearing a gray sweater was selling drugs at that location. No other information was received from the tipster. There was a total absence of information about the reliability of the tipster and of information which would corroborate the tip or the accuracy thereof. The tipster provided no information from which the future conduct of the black male could be predicted and provided no information concerning Archer.

As he drove his patrol car into the parking lot of the bar, Officer Caillouet observed a black male fitting the description given by the anonymous tipster, walking away from the bar across the parking lot. Although others were in the parking lot as Officer Caillouet arrived,

no other person, including Archer, fit the description that he had been given. A white male (Archer) was walking alongside the black male. The officer observed no communication, contact, or exchange of money or material between the two. Officer Caillouet instituted no surveillance or investigation prior to stopping the two men as hereinafter described.

Without using his blue lights, Officer Caillouet stopped his vehicle a few car lengths in front of the two men. They did not flee, avoid contact, or otherwise appear suspicious. Officer Caillouet got out of his vehicle and advised the men that he was there because of the anonymous tip. Officer Caillouet then ordered both men to put their hands on the hood of the police vehicle for a pat-down search for weapons. No weapons were discovered in the search. He then asked both men for identification in order to run an outstanding warrants check on them, which material both promptly provided, and which checks were negative.

Thereafter, Officer Caillouet asked the black male for consent to search his person for drugs. After receiving permission to do so and finding nothing, Officer Caillouet then terminated his investigation of the black male when he "turned him loose," *after* determining that there was no evidence that a crime had been committed by such person.

He thereafter turned his attention back to Archer and continued his investigation by asking him for permission to search his person for drugs. Archer did not testify and Officer Caillouet averred that consent to the drug search that followed, was given by Archer. Officer Caillouet found "a clear baggie of white powdery substance believed to be cocaine" in the upper right pocket of Archer's jacket. Officer Caillouet concluded his investigation of Archer by placing him under arrest for possession of the material which subsequently proved to be cocaine.

1. We must first determine whether or not the anonymous tip was sufficient to authorize the police officer to conduct the drug search of Archer.

"[F]or an anonymous telephone tip to provide a basis for articulable suspicion for police to make an investigatory stop, the tip must provide some basis for predicting the future behavior of the subject of suspicion." (Citations and punctuation omitted.) *Moreland v. State*, 204 Ga. App. 218, 219 (418 SE2d 788) (1992). " 'What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing. . . .' " *State v. Holton*, 205 Ga. App. 434, 436 (422 SE2d 295) (1992).

We have previously held anonymous telephone tips which were general in nature and lacking in the sort of detail which would permit

the prediction of future behavior as a test of reliability insufficient to justify a stop. *Swanson v. State*, 201 Ga. App. 896 (412 SE2d 630) (1991). In *Swanson*, an investigatory stop was unlawful where an anonymous caller reported that a dark-skinned black man wearing a white Kangol hat, a sweater, and jeans, was selling drugs at a specific address, because such facts were easily obtainable, existed when the call was made, and contained no information demonstrating the caller's ability to predict the suspect's future behavior. The inability to predict the suspect's future behavior, in turn, foreclosed an ability in the police to gauge the reliability of the anonymous tipster for honesty and knowledge of pertinent information sufficient to justify the stop. Id. at 898.

Where the information provided in an anonymous tip is insufficient to satisfy constitutional requirements, the police are not free to initiate a search of the defendant based thereon until such time as they have corroborated the information received through surveillance or other appropriate investigatory techniques which do not violate the defendant's rights. An independent right to search the defendant must be based upon his illegal or suspicious conduct as known by the police officer or upon a valid consent thereto.

In the instant circumstances, Officer Caillouet stopped Archer solely on the basis that he was arguably in the company of another person who fit the description provided in an unsupported anonymous tip. The anonymous tip provided no information at all concerning Archer and could not therefore be the basis of any search of him. The individual fitting the anonymous tipster's description was released without charges. The fact that Officer Caillouet was responding to a police dispatch does not affect the insufficiency of the information received from the tipster or support the validity of the subsequent drug search. "That which is insufficient in its own right cannot be made sufficient by the fact that it is broadcast over a police network." *State v. Fowler*, 215 Ga. App. 524, 525 (451 SE2d 124) (1994).

While the anonymous tip was specific to the extent that it described a black man at a particular location, such information was nonetheless within the public knowledge of anyone who was present and was not predictive of the future behavior of such individual.

2. We must next determine if Archer's conduct at the scene or his "consent" to the drug search created an independent authority in the officer to conduct such search.

An examination of Archer's conduct at the scene did not create an independent right of the officer to conduct a nonconsensual drug search of him. While he was in the presence of the target of the tip, Archer did not flee or otherwise act in a suspicious manner and no money or material was exchanged between them.

The State contends that the search was consensual and that

Archer was free to leave without being searched for drugs. When a police officer with a gun orders one to put his hands on the hood of the police car and then proceeds to pat-down such individual, it is fair to conclude that such person is not free to leave. Considering Officer Caillouet's testimony as to the black man, that he "turned him loose" *after* the drug search, it is clear that Archer was not free to leave prior to the drug search which ended in his arrest.

As to Archer's "consent" to the drug search, "in order to eliminate any taint from an involuntary seizure or arrest, there must be proof both that the consent was voluntary and that it was not the product of the illegal detention. Proof of a voluntary consent alone is not sufficient. The relevant factors include the temporal proximity of an illegal seizure and consent, intervening circumstances and the purpose and flagrancy of the official misconduct.

"In the case sub judice, we find that there was no significant lapse of time between the unlawful detention and the consent, that no intervening circumstances dissipated the effect of the unlawful detention and that the [officer's] conduct had no arguable legal basis. Therefore, we hold that the consent was the product of the illegal detention, and that the taint of the unreasonable stop was not sufficiently attenuated. The trial court erred in denying defendant's motion to suppress evidence." (Citations omitted.) *Brown v. State*, 188 Ga. App. 184 (372 SE2d 514) (1988). See *VonLinsowe v. State*, 213 Ga. App. 619, 622 (2) (445 SE2d 371) (1994).

Accordingly, the judgment of the trial court is reversed and the case remanded for a new trial.

*Judgment reversed and case remanded. McMurray, P. J., concurs fully as to Division 2 and in the judgment. Andrews, J., concurs in judgment only.*

DECIDED APRIL 5, 1995.

*Mitchell D. Durham*, for appellant.

*Thomas J. Charron, District Attorney, Bruce D. Hornbuckle, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

