## A95A2876. BRITTON v. THE STATE.
### (469 SE2d 272)

ANDREWS, Judge.

After receiving an anonymous telephone tip that Britton had illegal drugs concealed in his automobile, Liberty County police stopped Britton's truck to investigate the tip, searched the truck pursuant to Britton's consent, and found the concealed drugs. We granted Britton's application for an interlocutory appeal from the trial court's denial of his motion to suppress.

The issue in this appeal is whether the anonymous caller provided the police with information reliable enough to create a reasonable suspicion that Britton was carrying illegal drugs in his automobile. If so, then the stop of Britton's truck was authorized pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), and the subsequent search, conducted pursuant to Britton's consent, was not the product of an illegal detention.

Police testified at the suppression hearing that an anonymous telephone caller told them Britton was leaving Midway carrying over two ounces of cocaine in his truck to drive to South Carolina. The police officer who took the call asked the caller for more specific information and how he acquired the information. The caller told the police he had just personally seen what he was describing. The caller further stated that Britton would be driving a new truck he had just purchased and gave a detailed description of the truck. He also described a center console located between the bucket seats in the truck and said that, underneath the beverage holder in the center console, Britton had a hidden compartment where the drugs were located. The caller also told police that Britton was opening up an automobile parts installing store that was going to be a front for selling drugs.

Police testified that information given by the anonymous caller corroborated other information they had previously received about Britton. There was testimony that the police were familiar with Britton prior to the call because the police: (1) knew he had been convicted on drug charges; (2) knew he was involved in a business constantly frequented by people known to be involved in the drug trade; and (3) during the last 12 months had received numerous reports through police sources, phone calls, and persons arrested on drug charges and under investigation for drug activity, that Britton sold drugs and carried drugs in his automobile. Police also testified that they had previously received information that Britton was opening a

new business that would operate as a front for selling drugs. Police were also aware prior to the call that Britton had recently bought a new truck.

Immediately after the phone call, police traveled to the Midway area to locations along routes that would logically be taken by a person driving from Midway to South Carolina. They observed Britton driving the truck described by the caller and briefly followed him as he drove to two stores. After Britton left the second store, the police did not attempt to further follow him to see if he was going to South Carolina. Instead, they stopped Britton to investigate the tip and informed him they had reason to believe he was carrying illegal drugs in his truck. Britton immediately denied he had any drugs in his truck and invited the police officers to search the truck. Police searched the truck pursuant to Britton's consent and found the drugs in a hidden compartment under the beverage holder in the center console as described by the anonymous caller.

Even though the police did not confirm the caller's prediction that Britton would drive to South Carolina before the investigatory stop was made, the anonymous caller's tip otherwise exhibited sufficient indicia of reliability to justify the stop. In *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990), the Supreme Court found the anonymous tipster's ability to predict the future behavior of the defendant was the important factor in establishing the reliability of the tip about the defendant's illegal drug activity in that case "because it demonstrated inside information — a special familiarity with [defendant's] affairs." Id. at 332. Since the general public would not have known that the defendant in that case would leave a particular building in the predicted time frame, get in a described car, and drive toward a certain location, it was reasonable for the police to conclude that an anonymous caller who could predict this behavior had inside information about the defendant's affairs and was therefore likely to have reliable information about the defendant's illegal drug activity. Id. at 332.

In the present case, the information provided by the anonymous caller also demonstrated that the caller had inside information about Britton's affairs which would not have been known to the general public. First, the caller demonstrated some ability to predict the future behavior of Britton in that, immediately after the caller gave the tip to the police, Britton was observed by the police driving the described truck in the Midway area along a route which could have been taken to South Carolina. Second, the caller indicated that he acquired his knowledge about the illegal drugs in the truck by personal observations made just prior to the call. (In *Alabama v. White*, supra, the Court noted that a negative factor about the reliability of the tip there was that the tipster gave no indication of the basis for the infor-

mation in the tip.) Third, the police already had information from various sources that Britton was involved in illegal drug activity, that he carried drugs in his automobile, and that he was opening a new business that was going to be a front for illegal drug activity. Although the reliability of these prior reports was not established, they corroborated information provided by the anonymous caller which would not have been known by the general public.

An accurate prediction of future behavior is not the only method by which the reliability of an anonymous tip may be demonstrated. Something which similarly shows that the anonymous tipster has inside information about the defendant's affairs is also sufficient indicia of reliability. See *VonLinsowe v. State*, 213 Ga. App. 619, 621 (445 SE2d 371) (1994) (a prediction of future behavior, *or something similar*, may show that the anonymous tipster has reliable inside information). For example, in *State v. Ball*, 207 Ga. App. 729, 733 (429 SE2d 258) (1993), we recognized that the key factor establishing the reliability of the anonymous tip was not a prediction of future behavior but the fact that the tip about the defendant's drug activities was corroborated prior to the investigatory stop by information the police had already acquired about the defendant in a previous drug investigation.

Similarly, in the present case, the reliability of the anonymous tip was established prior to the investigatory stop by: (1) verified aspects of the tip predicting the approximate time and location in which Britton would drive the described truck; (2) the indication that the information in the tip was acquired by the personal observations of the caller just prior to the tip; and (3) the aspects of the tip corroborated by prior information the police had acquired about Britton. "Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability. Both factors — quantity and quality — are considered in the 'totality of the circumstances — the whole picture' [cit.], that must be taken into account when evaluating whether there is reasonable suspicion." *Alabama v. White*, supra at 330. Under the totality of the circumstances, the anonymous tip exhibited sufficient indicia of reliability to provide reasonable suspicion for the investigatory stop. Accordingly, the search of Britton's truck during the stop, conducted pursuant to Britton's consent, did not violate the Fourth Amendment, and the trial court correctly denied Britton's motion to suppress.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., and Blackburn, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

Defendant argues that the stop of his vehicle was illegal. In order

for an anonymous telephone tip to provide a basis for articulable suspicion authorizing an investigatory stop under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), the tip must provide some basis for predicting the future behavior of the subject of suspicion. *McKinley v. State*, 213 Ga. App. 738, 739-740 (445 SE2d 828).

The only information provided by the tipster in this case related to defendant's plans to travel to South Carolina. If the tipster had such private information as defendant's itinerary it would be much more reasonable for law enforcement officers to believe that the tipster had access to reliable information about any illegal activities of the defendant. *Bentley v. State*, 214 Ga. App. 580, 581 (2), 582 (448 SE2d 479).

When first observed, defendant's vehicle turned east on Highway 84 which was toward I-95, one of the obvious routes to South Carolina. But defendant then "turned up by the post office to . . . the IGA store, the little grocery store." Officers lost sight of defendant's vehicle and then soon found it again at an automobile parts store. Defendant's vehicle was stopped immediately after it left the parts store. He had not committed any traffic offense, attempted to elude the officers, or engaged in any unusual behavior.

The State's evidence shows defendant meandering about a small rural town and failed to confirm the one and only prediction of future behavior provided by the tipster, that defendant was going to South Carolina. In this connection, it should be noted that the officers knew defendant lived south of Midway so that his route into town would be consistent with the route to South Carolina. The only testifying officer who participated in the stop acknowledged that the law enforcement officers did not attempt to follow defendant to see whether he was going to South Carolina.

As the reliability of the tip was not established by confirming the accuracy of its predictions as to future behavior, there was no authority for a forcible stop of defendant. *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788). The consent to search, having followed immediately and without intervening circumstances from the felony stop during which officers approached defendant with guns drawn, must be viewed as the poisonous fruit of the illegal stop. *Brown v. State*, 188 Ga. App. 184, 187 (372 SE2d 514).

Insofar as some substitute for a prediction of the future behavior of the suspect may be found to establish the reliability of an anonymous tip, such is not established in the case sub judice. The goal is to corroborate the tip before acting upon it, and none of the factors listed in the majority opinion serve this purpose. The anonymous tip predicted a trip to South Carolina, not merely to the nearby town. Anyone in the general public could have seen defendant leave for the town and call with that information. The indication that the informa-

tion was acquired by personal observation just prior to the call was not subject to corroboration prior to the stop of defendant. And finally, the tip could not be corroborated by prior information known to police since the reliability of that prior information was not established. I would hold that the trial court erred in denying defendant's motion to suppress evidence, therefore I respectfully dissent.

I am authorized to state that Judge Blackburn joins in this dissent.

DECIDED FEBRUARY 7, 1996 —

*Donaldson, Herndon, Bell & Metts, James C. Metts III*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.