## 76840. SAPP v. THE STATE.

(374 SE2d 114)

SOGNIER, Judge.

In *Sapp v. State*, 184 Ga. App. 527 (362 SE2d 406) (1987), we affirmed the judgment convicting Jake Sapp of violation of OCGA § 40-6-391 (a) (4) (the per se offense of operating a moving vehicle while having 0.12 percent or more by weight of alcohol in the blood), but remanded the case with direction that the trial court conduct a hearing on Sapp's pre-trial motion to suppress in which Sapp asserted no probable cause existed for his arrest. Id. at 531. The trial court ruled adversely to Sapp's motion and Sapp appeals pursuant to this court's express grant. Id.

Wayne Howell, a Georgia State Patrol trooper and the sole witness at the hearing, testified that on the date in question, he and a fellow officer were conducting a road block just inside the Candler County line, with one trooper on each side of the road to check the driver's licenses of the drivers of all vehicles travelling on the road, without any discrimination or selection among the people they stopped. When appellant, in his turn, arrived at the road block and produced his driver's license, Trooper Howell smelled an odor of alcohol about him and asked appellant if he had been drinking. Appellant responded that he had had "a couple of beers," at which point Howell asked him to pull his vehicle over to the shoulder and step back to the rear of the vehicle. Howell observed appellant exit his vehicle and noted that appellant was unsteady on his feet, that there was an odor of alcohol about him, and that his eyes were red. Howell, who testified he was a twelve-year veteran of the Patrol, had attended lectures, discussions and other schooling relating to crimes involving intoxicated drivers, and had apprehended over a hundred persons for driving intoxicated, stated that after talking to appellant for a few moments, he placed appellant under arrest.

Appellant contends the State failed to carry its burden of proof in establishing probable cause to stop and search appellant when it failed to introduce any evidence concerning the manner in which the road block at which appellant was arrested was implemented and conducted. " 'It has been held that police officials may set up highway roadblocks for the purpose of requiring motorists to display their driver's license, and that such a practice does not invade their right to use the public ways free from unreasonable and unwarranted interception. Nor does such a practice constitute an unlawful arrest or restraint or an illegal search contrary to the United States Constitution.' [Cit.] 'The state can practice preventative therapy by reasonable road checks to ascertain whether man and machine meet the legislative determination of fitness. . . .' [Cits.] . . . On motion to suppress evidence, the trial judge sits as the trior of the facts, hears

the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cit.] The trial judge was authorized to find from the evidence that the roadblock in question was valid and was used primarily to perform routine traffic checks." *State v. Swift,* 232 Ga. 535-536 (1) (207 SE2d 459) (1974). See also *State v. Golden,* 171 Ga. App. 27, 29 (2) (318 SE2d 693) (1984). We find the evidence of a routine license check sufficient to support the validity of the stop, and the existence of probable cause thereafter to support the arrest of appellant for driving under the influence of alcohol. Accordingly, the trial court did not err by denying appellant's motion to suppress.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 5, 1988.

*Alan P. Layne,* for appellant.
*William J. Neville, Jr., Solicitor,* for appellee.