A91A1329. MIMS v. THE STATE.
(410 SE2d 824)

BIRDSONG, Presiding Judge.
Barry Mims appeals his convictions of driving a motor vehicle after having been declared a habitual violator (OCGA § 40-5-58) and misdemeanor obstruction of a police officer. The record shows Mims was indicted on three counts, habitual violator, driving on a sus-

pended license, and obstructing a police officer by giving a false name; but, pursuant to a negotiated plea, he pled guilty only to habitual violator and misdemeanor obstruction of an officer. The driving on a suspended license count was later dismissed.

The transcript shows that before entering the plea, Mims filed a motion to suppress, and after the motion to suppress was denied, he negotiated the agreement under which he pled guilty. At the time of his plea, however, Mims announced his intention to reserve his right to contest the denial of his motion to suppress. Mims now contends the trial court erred by denying his motion to suppress evidence obtained by a police officer after what Mims contends was an illegal roadblock. *Held*:

1 . We take this opportunity to clarify the procedures applicable when a defendant seeks to plead guilty while reserving the opportunity to appeal directly a prior adverse ruling by the trial court. Nothing in this opinion, however, concerns appeals of such rulings under the interlocutory appeals procedures in OCGA § 5-6-34 (b).

The transcript states the trial judge permitted the defendant to preserve the denial of the motion to suppress for appellate review because "the Court of Appeals apparently accepts appeals on that basis." Although this court considers errors asserted after trial courts have permitted defendants to condition their guilty pleas on reserving the opportunity to appeal adverse rulings made prior to the plea (see, e.g., *Daniel v.State*, 199 Ga. App. 180 (404 SE2d 466)), the general rule is that errors are not preserved because a guilty plea waives all defenses and objections, known and unknown. *Thomason v. Caldwell*, 229 Ga. 637, 644 (194 SE2d 112)); *Polk v. Holland*, 229 Ga. 169, 170 (190 SE2d 35). Accord *Morgan v. State*, 191 Ga. App. 367, 368 (381 SE2d 583): A valid guilty plea is treated as a confession of guilt and waives all defenses known and unknown.

Further, as conditional pleas necessarily confer upon defendants benefits to which they are not otherwise entitled by our law, such guilty pleas are a form of plea bargaining that must be agreed to by the State. If not, the effect would be to authorize defendants to force the State to plea bargain and accept negotiated pleas, which defendants have no right to do. *Mergel v. State*, 198 Ga. App. 759, 760 (402 SE2d 800); *Bostic v. State*, 184 Ga. App. 509, 511 (361 SE2d 872). Consequently, trial courts should accept guilty pleas with this condition only when the prosecution expressly agrees. Otherwise the result will necessarily involve trial courts in unauthorized participation in plea discussions. See Rule 30, Uniform Rules for Superior Courts; *Skomer v. State*, 183 Ga. App. 308, 309-310 (358 SE2d 886).

Moreover, trial courts have the discretion to accept or reject guilty pleas (*Harris v. State*, 175 Ga. App. 134, 135 (332 SE2d 685); *Echols v. State*, 167 Ga. App. 307, 308 (306 SE2d 324)), even when

the guilty plea is part of a plea bargain. *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851). Therefore, it is the responsibility of the trial court to decide whether to exercise its discretion and accept a guilty plea on condition that appellate issues are preserved.

Accordingly, defendants have no right to condition guilty pleas upon reserving the appeal of any issues, and defendants may only reserve the appeal of such issues when the trial court, in the exercise of its discretion, allows a defendant to do so as part of a negotiated plea. Therefore, unless the trial court expressly approves the reservation of the issue and accepts the guilty plea with that condition, the issue is not preserved; and an unconditional guilty plea will waive any defenses and objections (*Massey v. State*, 137 Ga. App. 484, 485 (224 SE2d 117)) except an appellate issue of whether such plea was voluntarily made by appellant and accepted following proper inquiry by the trial court. Because the trial court accepted Mims' guilty plea with his reservation, we will consider the error enumerated.

2. Mims contends the trial court erred by denying his motion to suppress because the roadblock in this case did not meet the criteria established in *Evans v. State*, 190 Ga. App. 856 (380 SE2d 332) and *State v. Golden*, 171 Ga. App. 27 (318 SE2d 693) as the roadblock was not authorized by supervisory personnel and the roadblock was not well identified as a police checkpoint.

The transcript of the evidentiary hearing on the motion shows the state trooper testified without contradiction he had the prerogative of authorizing and setting locations of roadblocks, he authorized the roadblock in this case prior to setting up the roadblock, and he was waiting for another officer to arrive at the designated place for the roadblock when Mims arrived and was stopped. Further, the state trooper testified that the roadblock was marked by his patrol car stopped on the side of the road and he was standing in the middle of the road to stop traffic. The trooper also testified that after he apprehended Mims, he called the other patrolman and canceled the roadblock because he had to take Mims to jail.

After considering this evidence, the trial court ruled that the factors set out in *Evans* and *Golden* were not absolute "bright-line, black-letter" requirements, but were factors to consider in deciding whether there was a valid routine roadblock or the kind of isolated vehicle stop rejected by *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660). Thus, the trial court considered the totality of the circumstances, found the roadblock was a legitimate drivers' license check, and denied the motion.

We agree. Neither *Evans* nor *Golden* establish absolute criteria which must be satisfied before a roadblock is legitimate. Indeed, in *Evans* this court looked "at the totality of the circumstances surrounding the roadblock" to decide whether "the factors considered in

*Golden* were satisfied." Id. at 857. In the same manner, this court in *Sapp v. State*, 188 Ga. App. 700, 701 (374 SE2d 114) affirmed the denial of a motion to suppress based upon "the evidence of a routine license check sufficient to support the validity of the stop" even though appellant urged that the State failed to introduce evidence concerning the manner in which the roadblock was implemented and conducted. Accord *Davis v. State*, 194 Ga. App. 482, 483 (391 SE2d 124).

As there is no question that state troopers are authorized to enforce laws on use, ownership, control, licensing, and registration of motor vehicles and using roadblocks for such purposes are reasonable and acceptable (*Davis v. State*, supra), the only issue in this appeal is whether the trial court correctly decided that the evidence established that this roadblock was authorized and that Mims was not singled out to stop. In deciding the issue, however, our review is governed by the principle that in ruling upon motions to suppress "the trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it." *State v. Swift*, 232 Ga. 535, 536 (207 SE2d 459).

Applying this standard of review, the evidence shows that this was a valid roadblock and not a pretext for stopping Mims' vehicle. Accordingly, as the trial court's findings of fact are adequately supported by evidence of record, this enumeration of error is without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 23, 1991.

*Barkley & Garner, Richard E. Barnes*, for appellant.
*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Leigh E. Patterson, Assistant District Attorneys*, for appellee.

