## A91A1553. WELLS v. THE STATE.
(411 SE2d 125)

Birdsong, Presiding Judge.

Grady Leon Wells appeals from the denial of his motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b). *Held:*

On April 1, 1990, OCGA § 15-6-3 (7) (C) was amended to reduce the terms of the Glynn County Superior Court from three terms a year commencing on the second Mondays of January, May and September, to two terms a year commencing on the second Mondays of March and September. The amendment was not to become effective until January 1, 1991. On October 31, 1990, the Glynn County Grand Jury returned an indictment charging Wells with committing two counts of burglary on June 7, 1990. Wells filed a demand for speedy trial on November 9, 1990; by an order entered May 20, 1991, the trial court denied Wells' motion for acquittal and discharge for failure of the State to try him pursuant to OCGA § 17-7-170. Wells contends on appeal that since he filed his demand for trial during the September 1990 term which would have expired on January 14, 1991, prior to the amendment of OCGA § 15-6-3 (7) (C), acquittal and dismissal of the charges was required under OCGA § 17-7-170 (b) because he was not tried by a jury "when the demand [was] made or at the next succeeding regular court term thereafter."

The record reveals that on May 20, 1991, when the trial court denied the motion for discharge and acquittal from which he now appeals, Wells pled guilty to the indictment. Such an action ordinarily results in a waiver of a defendant's "right to rely on his demand for a speedy trial," and a waiver of his right to a trial by jury (see *Bennett v. State*, 158 Ga. App. 421, 423 (2) (280 SE2d 429)) but Wells states in his brief that by agreement of counsel and order of the trial court also entered May 20, 1991, he was allowed to reserve his right to appeal from the denial of his motion. (Compare *Mims v. State*, 201 Ga. App. 277 (__ SE2d __).) However, no such agreement or order is exhibited in the documents contained in the record. In his notice of appeal Wells expressly requested the clerk to omit "all motions filed by the defendant except for the demand for trial filed on November 9, 1990. No transcripts of evidence or proceedings will be filed for inclu-

sion in the record on appeal as the court can decide the issue on the record."

"These bare assertions in appellant's brief cannot be considered on appellate review. . . . Accordingly, if he desired that we consider the evidence adduced at the hearing on his [demand for trial] motion, he should have made suitable arrangement to insure that it was transcribed and forwarded to this court. It is a well-established appellate rule that ' "(t)he burden is on the appellant to show error by the record, and when a portion of the evidence . . . bearing upon the issue raised by the enumeration of error, is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." ' [Cit.]" *Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418). In such case, we must assume the judgment below was correct and affirm. *Taylor v. State*, 197 Ga. App. 678 (2) (399 SE2d 213).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 2, 1991.

*Lane & Crowe, Robert L. Crowe*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *Joanna Temple*, Assistant District Attorney, for appellee.