A91A2162. GOODWIN v. THE STATE.
A91A2163. PEREZ v. THE STATE.
A91A2164. MATHIS v. THE STATE.
(415 SE2d 472)

CARLEY, Presiding Judge.

Appellants in these companion cases were co-indicted for the offense of aggravated assault on a peace officer. After their motion for discharge and acquittal pursuant to OCGA § 17-7-170 had been denied, they entered guilty pleas. However, it appears that the trial court accepted the guilty pleas with the apparent understanding that appellants could thereafter file the instant appeals and enumerate as error the denial of their OCGA § 17-7-170 motion. See *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991). Since that single issue has been raised in all three of the instant appeals, they are hereby consolidated for appellate disposition in this single opinion.

In urging that their OCGA § 17-7-170 motion was erroneously

denied, appellants rely upon a demand for a speedy trial which they filed pro se. However, the record shows that, at the time appellants filed their pro se demand, they were represented by counsel. Accordingly, pretermitting any question regarding the timing of the filing and service of appellants' pro se demand for a speedy trial, the trial court was clearly authorized to find that that pro se demand was of no legal effect whatsoever. " '(T)he Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel. (Cit.)' [Cit.] As a result of changes in the Georgia Constitution, a criminal defendant in Georgia ' "no longer has the right to represent himself and also be represented by an attorney, i.e., the right to act as co-counsel." (Cit.)' [Cit.]" *Hance v. Kemp*, 258 Ga. 649, 650 (1) (373 SE2d 184) (1988). Since appellants filed no viable demand for a speedy trial, it necessarily follows that the trial court correctly denied appellants' motion for discharge and acquittal pursuant to OCGA § 17-7-170.

*Judgments affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 31, 1992.

*Cowart & McCullough, Hugh J. McCullough*, for appellant (case no. A91A2162).

*Stubbs & Associates, M. Francis Stubbs*, for appellant (case no. A91A2163).

*Hal T. Peel*, for appellant (case no. A91A2164).

*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.