A92A0761. GRANGER v. THE STATE.
(423 SE2d 20)

COOPER, Judge.

Following his plea of guilty of trafficking in cocaine, appellant appeals his conviction. His sole enumeration of error is the denial of his motion to suppress evidence obtained as a result of the seizure, detention and search of his person which he alleges were pretextual and without probable cause.

1. The State contends that there is no reservation of the suppression issue in the record on appeal. See *Mims v. State,* 201 Ga. App. 277 (1) (410 SE2d 824) (1991). However, the transcript of the plea proceeding reveals that when appellant entered his guilty plea he reserved the right to appeal the denial of his motion to suppress; that this conditional plea was accepted by the trial court; and that the State interposed no objections. This was sufficient to prevent a waiver of the issue on appeal. *Goodwin v. State,* 202 Ga. App. 655 (415 SE2d 472) (1992).

2. The transcript of the hearing on the motion to suppress shows that while responding to a call reporting drug activities at a nearby apartment complex, two undercover detectives in an unmarked police vehicle encountered two cars stopped side by side at an intersection. Unable to pass, the officers observed appellant, who was a passenger in one of the cars, hold out his hand and received what appeared to be either a white package or a clear package containing a white substance from the driver of the other car. Based on their experience with drug transactions, the detectives immediately suspected the transaction to be a drug deal and the package to contain cocaine. Both cars pulled into the driveway of an adjacent office park, turned around and drove away. The detectives followed and radioed a lookout for the car in which appellant was the passenger. Upon seeing the blue light of a squad car the suspect vehicle initially speeded up before it stopped. The detectives approached the car with drawn guns because they believed the situation could be dangerous. The occupants were asked to get out and were subsequently patted down for

safety reasons. The detective frisking appellant felt a hard object at appellant's waistline and when the detective squeezed the object, a piece broke off. The detective removed the object, which was the package the officers had seen passed between the cars. A subsequent test on the substance in the package revealed that the package contained a quarter kilo of cocaine. Appellant was then handcuffed, arrested and advised of his *Miranda* rights. Both detectives testified that they were familiar with how drugs were packaged and sold; that the location in which the cars were encountered was within a one-mile radius of a high crime area where many citizen complaints had been made about drug activity; that numerous "mid-level", drug dealers who sold drugs from car to car resided in the nearby neighborhood; and that they had participated in many such drug deals as undercover officers and in making arrests in this area.

We do not agree with appellant that there were no facts to indicate that a drug transaction was taking place or to justify a police stop. " 'An arrest without warrant, under both the United States Constitution, Articles IV and XIV, and the Constitution of Georgia of 1983, Art. I, Sec. I, Par. XIII, " 'is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense.' " [Cits.]' [Cit.]" *Jackson v. State*, 197 Ga. App. 154 (397 SE2d 737) (1990). Before any stop or search occurred, "the officers saw activity which aroused their suspicions of drug activity. These suspicions were sufficient for a '*Terry*-type' inquiry. [Cits.]" *Edwards v. State*, 194 Ga. App. 571, 572 (1) (391 SE2d 137) (1990). Thus, the investigatory stop in this case was justified by objective indications that appellant was engaged in criminal activity, and the brief patdown for safety disclosed a hard bulge which authorized the detective to intrude further. See *Roberts v. State*, 193 Ga. App. 96, 100 (386 SE2d 921) (1989). We conclude that there was nothing illegal about this search or seizure and that the trial court properly refused to grant appellant's motion to suppress.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 15, 1992.

*Dennis R. Scheib,* for appellant.

*Robert E. Wilson, District Attorney, Elisabeth G. MacNamara, Assistant District Attorney,* for appellee.