## A92A1268. HARMON v. THE STATE.
(425 SE2d 343)

BIRDSONG, Presiding Judge.

Diane Elizabeth Harmon, a/k/a Diane Elizabeth Lane, appeals her judgment of conviction of DUI and sentence. Her sole enumeration of error is that the trial court erred in granting the State's "ex post facto" request to charge no. 5, which provides: "If there was at that time an alcohol concentration of .08 grams or more, it shall be inferred the person was under the influence of alcohol." Appellant argues this charge violates the ex post facto prohibitions of both the Constitutions of Georgia and the United States.

Appellant entered a plea of nolo contendere reserving the right to appeal the trial court's ruling regarding the requested charge. *Held*:

Assuming without deciding that the issue whether the proposed charge violated the ex post facto provisions of the United States Constitution was adequately raised and a ruling obtained thereon at trial, we still are unable to reach the error as enumerated on appeal.

Appellant's sole enumeration of error is limited to a claim of error by the trial court's "decision to charge appellee's ex post facto request to charge no. 5." We will interpret this enumeration to include a claim that charge no. 5, as requested, would result in an unconstitutional application of OCGA § 40-6-392 so as to violate the ex post facto provisions of the United States Constitution. However, the record when examined in its entirety reveals that, although the trial court stated on the record that it was ruling "on the motion for request of charge with a motion in limine . . . and from the defense against that request for charge and against the State mentioning .08 in its argument," it did not grant the State's charge request and did not rule that it would instruct the jury thereon as enumerated in the error before us. Rather, the trial court recognized that the State's pro-

posed charge was seriously flawed as it charged in terms of a mandatory presumption rather than permissible inference. Compare *Isaacs v. State*, 259 Ga. 717 (386 SE2d 316). Thus, the court stated: "Well, it's not a presumption of guilt. The *correct charge* is a jury *may* infer *if they wish to do so.* The charge that's given [proposed] is somewhat incorrect in that regard *because the correct charge would be* if you find an .08, the jury *may infer if they wish to do so*, that the person was under the influence of alcohol. Whether or not they make such inferences is entirely in their discretion." (Emphasis supplied.) The record unequivocally establishes that the trial court tacitly denied State's request to charge no. 5, contrary to the claim made in appellant's enumeration of error, and ruled that it would give a charge couched in language of *permissible inference* rather than in terms of *mandatory inference or presumption* as proposed by the State. Appellant failed to enumerate as error the modified charge which the trial court elected to give, and erroneously enumerated as error the trial court's alleged election to give State's request to charge no. 5. Therefore, the charging error, not having occurred as enumerated, is not before us on appeal. *Morris v. State Farm &c. Co.*, 203 Ga. App. 839, 840 (5) (418 SE2d 119). " 'One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold.' " *Rigenstrup v. State*, 197 Ga. App. 176, 179 (2) (398 SE2d 25).

Accordingly, we cannot and do not address in this appeal whether the charge that the trial court actually was prepared to give would have deprived appellant of a defense previously available or would have resulted in a lessening of the burden of proof in a manner to constitute an ex post facto violation. See generally *Collins v. Youngblood*, 497 U. S. 37 (110 SC 2715, 111 LE2d 30); compare *De Woody v. Superior Court*, 87 Cal. Rptr. 210 (CA CA).

Based on the holdings above, we will not reverse the judgment of conviction resulting from acceptance of the conditional nolo contendere plea.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED NOVEMBER 18, 1992

*Sexton, Moody & Renehan, Lee Sexton*, for appellant.
*Keith C. Martin, Solicitor, Kimberly C. Carr, Assistant Solicitor*, for appellee.