## A93A0826. CLAFFEY v. THE STATE.
(433 SE2d 441)

SMITH, Judge.

After her motion to suppress evidence was denied, Sandra Claffey entered a plea of guilty to a charge of violating the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq., by possessing more than one ounce of marijuana. OCGA § 16-13-30 (b). As a part of her negotiated plea, the prosecutor and the trial court agreed to an express reservation of Claffey's right to bring this appeal from the denial of her motion to suppress. See *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991).

The record reveals that Clayton County law enforcement officers assigned to the Narcotics Unit obtained a warrant to search Claffey's rented apartment in a single-family home. The purpose of the warrant, as stated in the affidavit, was to search for illegal drugs. Appellant was not at home when the officers arrived to execute the warrant. She and Jeff Claffey arrived later that night in a car owned and driven by a friend. The car stopped at the curb in front of the house and several officers approached it with flashlights. When the door was

opened, a plastic bag containing a green leafy substance subsequently identified as marijuana was immediately seen and seized by the officers.

Appellant contends her motion to suppress was erroneously denied because the State failed to carry its burden of showing that the stop of the car and the seizure of the contraband were authorized.

1. She maintains that the officers did not possess an articulable suspicion that a crime either had been or was being committed sufficient under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), to support an investigatory stop.

However, it was not necessary that the State show the officers had an articulable suspicion of any independent crime as a basis for stopping the car. Deputy Ward testified that the officers were expecting appellant to return at any moment; that the occupants of the car were approached and stopped in order to determine their identity and whether they were the apartment's residents. The warrant provides evidence that a neutral and detached magistrate had found probable cause to believe the law was being violated by the occupants of the apartment. Since the lessee of the premises on which the search warrant was being executed could lawfully be detained to aid the execution of the warrant, *Michigan v. Summers*, 452 U. S. 692, 701-703 (III) (101 SC 2587, 69 LE2d 340) (1981), the officers could validly approach and briefly detain the occupants of a car that had just come to a stop at the residence to determine whether any of them lived there. See *State v. Akinsonwon*, 200 Ga. App. 287, 288 (407 SE2d 434) (1991).

Moreover, there was other justification for the stop. Ward received information over his police radio indicating that the car had entered the driveway and backed out as if to leave, but was blocked by a police car. This was enough to create an articulable suspicion of flight. *Summers*, supra at 702. In addition, the officers had obtained a "no-knock" provision in the warrant based on their concern for their own safety and their fear that evidence might be destroyed, and such concerns provided additional justification for the stop. Id. at 702; *Hayes v. State*, 202 Ga. App. 204, 205-207 (414 SE2d 321) (1991).

2. Appellant also asserts that the seizure of the contraband was unauthorized.

Although we agree with the State that appellant would have no standing to object to a search of the car, *Ragin v. State*, 192 Ga. App. 686, 687 (2) (385 SE2d 770) (1989), the car was not searched. Instead, when Ward approached the car, he observed through the window, by the light of the police flashlights, what appeared to him to be "some sort of interchange [between the Claffeys] with their hands below [his] line of sight" in which they "pass[ed] some object between [them]selves, and then [appellant] appeared to be trying to hide an

object in the floorboard area." When the car door opened, Ward immediately smelled marijuana and observed in plain view on the floorboard a clear plastic bag containing what appeared to be marijuana. The officer was not required to ignore it. It was properly seized. *Bozeman v. State*, 196 Ga. App. 743, 744 (1) (397 SE2d 30) (1990).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 13, 1993.

*James W. Bradley*, for appellant.

*Robert E. Keller, District Attorney, Gina C. Naugle, Gregory K. Hecht, Assistant District Attorneys*, for appellee.