## A93A2538. MARTIN v. THE STATE.
(440 SE2d 736)

JOHNSON, Judge.

Raymond Martin was indicted for the offenses of possession of cocaine with intent to distribute, possession of cocaine with intent to distribute near a public school, and possession of marijuana. Martin filed a motion to suppress which the trial court denied. We granted Martin's application for interlocutory appeal.

1. Martin contends that the trial court erred in failing to sup-

press evidence derived from the search of his person and his truck. We disagree. The undisputed facts are as follows: Law enforcement officers obtained a warrant to search Martin, his truck, his residence and the surrounding curtilage for drugs and drug-related items. The residence was under surveillance and just before the officers who were to execute the warrant arrived, Martin left the premises in his truck. Uniformed officers were notified and Martin was stopped less than one mile from his home. Martin was handcuffed, placed in the police car, and he and the truck were driven back to the house, though Martin had violated no traffic laws and the officers had no arrest warrant. Upon return to the premises, Martin was advised that the search warrant was for the residence, his person and his truck. Martin then told the officers "[t]here's no need to tear up my mother's house. The dope is in my truck." When the police dog then indicated that there were drugs in the truck, the truck was searched and cocaine found. Marijuana was also found in the residence, an outbuilding and another vehicle within the curtilage. Apparently, no physical evidence was found on Martin.

Martin claims that the evidence derived from the search of his truck and his person should be suppressed because the evidence was the product of an illegal arrest. Both parties stipulate that the warrant contains facts sufficient to establish probable cause to search Martin's residence, but not facts sufficient to justify a search of Martin or his truck. The parties also agree that the question of whether the evidence should be suppressed turns on the issue of whether the officers were justified in seizing Martin and his truck and returning them to the residence for the execution of the warrant. We find that the return of Martin to his residence was lawful.

This case is controlled by *Michigan v. Summers,* 452 U. S. 692 (101 SC 2587, 69 LE2d 340) (1981). In *Summers,* as police officers arrived at a residence to execute a search warrant, they noticed the defendant exit the front door, walk across the porch and descend the steps. They stopped him and took him back inside while they executed the warrant. After finding narcotics on the premises and ascertaining that the defendant owned the house, the police arrested and searched him and found heroin on his person. The Supreme Court held that it was lawful to require the defendant to re-enter and remain in the house and that the search incident to his subsequent arrest was lawful. The Court reasoned that "[a] neutral and detached magistrate had found probable cause to believe that the law was being violated in that house and had authorized a substantial invasion of the privacy of the persons who resided there. The detention of one of the residents while the premises were searched, although admittedly a significant restraint on his liberty, was surely less intrusive than the search itself. Indeed, we may safely assume that most citizens — un-

less they intend flight to avoid arrest — would elect to remain in order to observe the search of their possessions." Id. at 701 (III).

Martin argues that *Summers* is inapplicable because the defendant in that case was only detained and was not returned to his residence by officers.[1] Although Martin had gone further away from his residence than Summers had before officers could stop him, the circumstances in both cases were otherwise quite similar. In both cases, officers were on their way to the residences to execute search warrants when officers observed the residents leaving. In both cases, the suspects were stopped and returned to the homes they were just leaving. We do not believe that the fact that Martin got further away before he was stopped is of any legal consequence.

We have also recently decided a similar issue adversely to Martin. In *Claffey v. State*, 209 Ga. App. 455 (433 SE2d 441) (1993), we considered whether officers were authorized to stop a car and briefly detain its occupants when it stopped in front of a house which was being searched pursuant to a warrant. We held that "[s]ince the lessee of the premises on which the search warrant was being executed could lawfully be detained to aid the execution of the warrant, the officers could validly approach and briefly detain the occupants of a car that had just come to a stop at the residence to determine whether any of them lived there." (Citation omitted.) Id. at 456 (1). We hold that the officers were justified in stopping Martin and returning him to the premises. The officers were also justified in searching his truck since he consented to the search following a permissible detention.

2. Martin contends that the search warrant was invalid because (a) it authorized the search of three separate premises, i.e., the house, his person and his truck, on a single warrant and (b) the description of the person and the truck lacked sufficient particularity. These claims are without merit. First, Martin has cited and we have found no authority for his argument that one warrant cannot describe more than one item to be searched. Secondly, since the search of the truck was lawful even without a warrant, as discussed in Division 1 above, the issue of whether the truck was described with enough specificity is moot. Thirdly, since no physical evidence was found on his person, any search of his person was harmless. Nonetheless, we find that the warrant does describe the person and the truck with sufficient particularity. A search warrant is valid if the description sufficiently per-

---

[1] Martin also argues that *Summers* would have been decided differently in Georgia because of OCGA § 17-5-28. We disagree. Suppose we assume, without deciding, that this Code section applies to this case. If anything, the section tends to strengthen the State's argument that officers had the right to detain and search Martin while executing the search warrant for the residence. It is therefore unlikely that *Summers* would have been decided differently.

mits an officer to locate the premises, person or property with reasonable certainty. *Minter v. State*, 206 Ga. App. 692 (426 SE2d 169) (1992). Here, the affidavit for the warrant gives Martin's full name, race, sex, date of birth, social security number and address. It also states the color, make, model and tag number of his truck. These descriptions were sufficiently particular.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *State v. Foster*, 209 Ga. App. 143, 144 (433 SE2d 109) (1993). We find no error in the ruling of the trial court.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Strauss & Walker, John T. Strauss*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.