## A96A0368. LEDFORD v. THE STATE.
(470 SE2d 796)

RUFFIN, Judge.

A jury convicted James Ledford of misdemeanor possession of marijuana. He appeals the judgment of conviction and the denial of his motion for new trial. For reasons which follow, we affirm.

1. Ledford contends the evidence was insufficient to find him guilty beyond a reasonable doubt. We disagree.

Construed most favorably to the prosecution, the evidence shows that the Douglas County Sheriff's Office established a roadblock to obtain leads on burglaries which had occurred throughout the county. Ledford approached the roadblock with his brother Marion Ledford as a passenger. When Ledford was unable to produce his driver's license, he was asked to pull over to the side of the road. The officer

noticed both occupants had bloodshot and glassy eyes. The officer testified that during questioning regarding the absence of Ledford's driver's license, both occupants were nervous and fidgety, kept looking at each other, and appeared to be making a hard effort to remain calm and not show their nervousness. Both occupants appeared to be under the influence of something.

Ledford subsequently consented to a search of his vehicle. Prior to searching the car, the officer saw a roach clip hanging out of the ashtray. During the search, the officer found a cigarette box containing a plastic bag with what the officer suspected was marijuana and several burnt marijuana cigarettes. The State Crime Lab confirmed that the loose, leafy substance in the plastic bag was 1.1 grams of marijuana.

Although Ledford raises arguments concerning the officer's poor memory and several other inconsistencies in the State's evidence, we find no merit in these arguments. "An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873) (1993).

The foregoing evidence, construed in a light most favorable to the State, was sufficient to authorize a rational trier of fact to find Ledford guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Taylor v. State*, 195 Ga. App. 651, 652 (394 SE2d 604) (1990). Accordingly, we find no error in the trial court's refusal to grant a new trial based on the sufficiency of the evidence argument.

2. In his second enumeration of error, Ledford contends the trial court erred by not granting his motion to suppress the contraband seized as a result of the roadblock. He argues the roadblock was arbitrary, and therefore, the evidence obtained as a result of the roadblock should have been suppressed. We find no merit in this argument.

According to the record, the Sheriff's Department set up the roadblock on a flat stretch of roadway before an intersection. There were marked cars with blue lights flashing, visible for up to 500 feet. Uniformed officers were present. Every noncommercial vehicle was stopped at the roadblock, with the exception of noncommercial vehicles which had been checked at the roadblock in one direction and soon came through again in the other direction. During the brief detention, officers checked driver's licenses, insurance, and walked around the vehicle while performing a safety inspection.

While the officers testified that the primary purpose of the roadblock was to obtain leads on recent burglaries which had occurred within Douglas County, their testimony revealed that the roadblock was also used to perform routine traffic checks. During the inspec-

tion, drivers were asked to produce a valid driver's license and insurance on the vehicle to ensure their compliance with state law. Drivers were requested to exit their vehicles only if they could not produce a license, at which point the officer would check the driver's name on the computer to determine whether the driver had a valid license. The evidence shows that Ledford was requested to pull over and exit the vehicle because he could not produce a valid driver's license.

In reviewing a trial court's decision on a motion to suppress evidence, the reviewing court construes the evidence most favorably to uphold the findings and judgment, and the trial court's decision should not be disturbed if there is any evidence to support it. *Sapp v. State*, 188 Ga. App. 700 (374 SE2d 114) (1988). Based on the evidence, we find that the trial judge was authorized to conclude from the evidence that the roadblock in question was valid and not arbitrary.

In *State v. Golden*, 171 Ga. App. 27, 29 (2) (318 SE2d 693) (1984), the Court approved the use of roadblocks after considering several factors. The applicable factors to be considered in this case were whether (1) the decision to implement the roadblock was made by supervisory personnel; (2) all passing vehicles were stopped, leaving no discretion to the officers as to which vehicles to stop; (3) the delay experienced by passing motorists was minimal; and (4) the operation was well identified as a police check point. These factors are "not absolute 'bright-line, black-letter' requirements, but [are] factors to consider in deciding whether there was a valid routine roadblock or the kind of isolated vehicle stop rejected by *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660)." *Mims v. State*, 201 Ga. App. 277, 279 (2) (410 SE2d 824) (1991), overruled on other grounds, *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994). Ledford argues that the roadblock was not instituted for a valid reason and that it was arbitrary in that it did not stop every passing vehicle. We agree with the trial court that given the totality of the circumstances surrounding the roadblock, this roadblock satisfied the factors considered in *Golden*.

While a certain class of vehicles (commercial, 18 wheelers) were not stopped and certain noncommercial vehicles (those which had recently been through the check point in one direction and were returning in the other direction) were not stopped, we do not believe this is fatal to the roadblock's reasonableness. This is especially true in light of the fact that there is no evidence this roadblock was initiated as a pretext or subterfuge to catch Ledford. See *Brimer v. State*, 201 Ga. App. 401 (2) (411 SE2d 128) (1991); *Mims*, supra at 280.

3. In his third enumeration of error, Ledford asserts the trial court erred in admitting the marijuana into evidence over his chain of custody objection. Specifically, Ledford argues that the officer's ini-

tial report does not correspond with the evidence that was sent to the State Crime Lab 15 months after his arrest and that the officer's memory concerning the evidence was "shaky." However, a second officer at the scene confirmed that all the contraband evidence admitted by the State was the exact evidence found in Ledford's vehicle. Furthermore, the crime lab expert testified she received all the evidence admitted by the State, which included rolling papers, a roach clip, a plastic bag containing marijuana, and several marijuana cigarette butts, and that there was no evidence of any tampering or substitution.

Any discrepancy as to the number of marijuana cigarettes or the type and amount of drugs seized from Ledford's vehicle does not render the marijuana inadmissible. Conflicts in the details of testimony concerning the chain of custody go to the weight, credit, and effect of the evidence, not its admissibility. *Allison v. State*, 217 Ga. App. 580, 582 (3) (459 SE2d 557) (1995); *Thomas v. State*, 208 Ga. App. 476 (1) (430 SE2d 849) (1993). Accordingly, the trial court did not err in admitting the drugs into evidence over Ledford's objection.

4. Ledford's fourth and fifth enumerations of error contend the trial court erred in failing to grant a mistrial following a prosecution and a witness comment concerning Ledford's post-arrest silence.

During the State's direct examination of one of the officers, the prosecutor asked the following: "Did either one of them say: What are you talking about? I don't know what you're talking about. I can't believe it. I don't know what you're talking about. There's — there's no pot in the car, no drugs. Did either one of them say anything like that?" A short time later, while testifying about Ledford's demeanor, the officer stated, "I mean, you know, normally people would be trying to talk to you and trying to get out of it. They didn't even talk — ." Ledford moved for mistrials after both instances.

At both points, the trial judge gave curative instructions, charging the jury that a defendant has the right to remain silent and is not required to make a statement to the arresting officer, that any testimony to the contrary should be disregarded, that the jury should erase the question and answer from their mind, and that the comments should not be given any weight in their consideration of the case. In addition, the trial court fully instructed the jury on the burden of proof, reasonable doubt, the presumption of innocence, the right of the defendant not to testify or present any evidence, and the rule that a defendant's silence must not be held against him.

"A motion for mistrial is within the discretion of the trial court. This court will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial is essential to the preservation of the right to a fair trial." (Citations omitted.) *Dowdy v. State*, 209 Ga. App. 95 (1), 96 (432 SE2d 827) (1993). We are unable to con-

clude that the trial court abused its discretion in denying Ledford's motion for mistrial based on the comments of the prosecutor or the officer. "Improper reference to a defendant's silence . . . does not automatically require reversal." *Hill v. State*, 250 Ga. 277, 283 (4) (a) (295 SE2d 518) (1982). Here, the trial court promptly gave curative instructions on the right of the accused to remain silent and unambiguously instructed the jury to disregard the comments and not to draw any adverse inference from the fact that the accused has asserted his right to remain silent.

5. In his final enumeration of error, Ledford contends the trial court erred in denying his motion to supplement the record. Specifically, Ledford asserts he should have been allowed to include Defendant's Exhibit D-1, a copy of the arresting officer's investigative report, as a part of the record on appeal. Ledford admits in his brief that "[f]or tactical reasons, Appellant's counsel chose not to tender D-1 into evidence (he wanted to preserve the final closing argument)."

"It is elementary that documents upon which a party rests his case must be offered into evidence." (Citation omitted.) *Hadden v. Owens*, 154 Ga. App. 467, 468 (2) (268 SE2d 760) (1980). In this case, Ledford neglected to tender Defendant's Exhibit D-1 into evidence after he rested his case. At this point, the trial judge plainly stated that no further exhibits would be introduced and "[t]he record as far as evidence is concerned is closed." Moreover, Ledford voluntarily chose not to tender the exhibit into evidence for tactical reasons. Based on the foregoing, this Court will not disturb the trial court's ruling that the transcript and record already conformed to the truth and no supplementation was necessary.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 2, 1996.

· *Camp & Camp, Scott K. Camp*, for appellant.
*David McDade, District Attorney, Bradley R. Malkin, Assistant District Attorney*, for appellee.